SCOTT *v.* MAGAZINE SPECIAL SCHOOL DISTRICT No. 15.

Opinion delivered May 16, 1927.

1. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY OF DIRECTORS.—Directors of a school district possess such power only as is conferred on them by a statute, either in express terms or by necessary implication.

2. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY OF SCHOOL DIRECTORS TO SELL PROPERTY.—Where the sale of school property is within the scope of the powers of school directors as described by Crawford

& Moses' Dig., §§ 8942, 8972, they are the exclusive judges of the necessity of making the sale and the application of the proceeds.

3.  SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY OF DIRECTORS.—Under Crawford & Moses' Dig., §§ 8942, 8972, relating to the authority of school directors selling property belonging to the district, the sale of school property partially in consideration of an agreement that the purchasers would maintain a school and receive pupils sent by directors of school districts is authorized, since the statute expressly authorized directors to make sales, and the purchaser is not concerned with the application of the proceeds nor responsible for the directors' action in that respect.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; reversed.

### STATEMENT OF FACTS.

Magazine Special School District No. 15 and the directors thereof brought this suit in equity against C. E. Scott, A. P. Blaylock and E. M. Bartlett, to cancel and set aside a deed executed by the school district to them for certain school property and to enjoin said defendants from in any way interfering with their plans in conducting the school in said district. Scott had instituted an action in the circuit court against said school district and the directors thereof for damages for breach of contract conveying him the property involved in the chancery suit. The suit for damages in the circuit court was transferred to equity and consolidated with the suit in the chancery court to cancel the deed to said property. The chancery suit was defended on the ground that the defendants had acquired title to the property under a valid contract, which was binding upon the school district.

The record shows that the directors of said school district first entered into a written agreement with C. E. Scott, A. P. Blaylock and E. M. Bartlett to convey them the building and campus known as the Magazine Academy, for the consideration that said parties should maintain a school for five years and receive pupils which should be sent them from the public schools, at a stipulated sum. Pursuant to the provisions of this contract, on the 14th day of March, 1922, the directors of said spe-

cial school district executed a deed to Charles E. Scott, A. P. Blaylock and E. M. Bartlett to blocks 36 and 37 in the town of Magazine, Logan County, Arkansas. The schoolhouse referred to in the written contract is situated on these blocks of ground. The deed recites a consideration of $1,600, and, in addition, the following: ''A further agreement is made that Chas. E. Scott, E. M. Bartlett and A. P. Blaylock are to maintain a school for a period of five years. If, in the event they fail to maintain the school for a period of five years, the property reverts back to the district. It is agreed that the property is to always remain for school use, but at the end of five years the sale title will be in Chas. E. Scott, E. M. Bartlett and A. P. Blaylock.''

The $1,600 was paid by private subscription given to Scott and his associates. It was the purpose of the directors to maintain a school whereby pupils who could not be taught the high school branches in the public schools, on account of a shortage in the public school funds, might receive such instruction from Scott and his associates. The money received as the purchase price of the school property was used by the directors in the payment of whatever school warrants were presented. In other words, the money was deposited with the common school funds of the district and used by them indiscriminately to pay warrants for the payment of teachers and other indebtedness against the district. Scott and his associates made several improvements upon the school building, and received pupils sent to them by the directors of the school district, as agreed upon.

The chancery court found the issues in favor of the school district, and canceled and set aside the deed to the defendants to said property. A perpetual injunction was granted against Scott and his associates, restraining them from in any way interfering with the school district in the management and control of the property. The case is here on appeal.

*U. C. May* and *Hill & Fitzhugh,* for appellant.

*Kincannon & Kincannon* and *Evans & Evans,* for appellee.

Hart, C. J., (after stating the facts).   The record shows that the action at law for damages was begun by Scott on the 9th day of September, 1925.   The chancery suit was begun by the directors of the district against Scott and his associates on the 12th day of September, 1925.   The matters which caused the differences between the school directors and Scott and his associates are not deemed pertinent by us to the legal questions raised by the pleadings, and we have omitted any reference to them.

The principal issue raised by the pleadings and proof is whether or not the school directors have power to sell property which they deem no longer necessary for the district to hold for school purposes: In this connection it may be stated that it is well settled that the directors of a school district possess only such power as is conferred upon them by statute, either in express terms or by necessary implication.   Therefore their power in respect to selling or otherwise disposing of the public school buildings of the district must be sought from the statute.

Section 8972 of Crawford & Moses' Digest provides that the title of all real estate belonging, for school purposes, to any city or town organized as a separate school district, shall vest in said city or town as a school district and shall be under the management and control of the board of school directors.

Section 8942, in defining the powers, in general, of the board of directors, gives them, when, in the opinion of a majority of the members of the board, the best interests of the district demand a sale or exchange of any real estate or schoolhouse site belonging to the district, the express authority to sell or exchange the same and the power to execute a deed to the purchaser.

We all agree that, under this section of the statute, the directors of the school district would have a right to sell the schoolhouse for a money consideration, and that the purchaser would not have to look to the application of the proceeds of sale and see to it that the directors

applied the purchase money to a legal school purpose. The authorities generally establish the proposition that, when an act is within the scope of the corporate powers of the school directors, they are the exclusive judges of the necessity of making the sale and the application of the proceeds. The directors may err in their judgment, but an abuse of power by them cannot take away express authority conferred by statute. Therefore we could not take into consideration whether the contract was beneficial or judicious in the absence of a showing of fraud in the making of it. These were questions for the consideration of the directors, to be determined by them, according to their best judgment in the premises. The directors had the power to sell the schoolhouse and to determine the best means of doing it. The purchaser has nothing to do with the determination of the directors in selling the property, and is not responsible for their action. He is only required to pay the purchase price as agreed upon. If there was nothing in the case except a money consideration and an allegation and proof of the misapplication of the proceeds of sale by the directors, we would all agree to a reversal of the judgment under the principles of law above announced. In short, if the sale is within the scope of the powers of the board of directors, they are the proper judges of the necessity of selling the property, and it would not be competent in this suit to inquire whether or not their discretion in the premises had been abused.

Justices KIRBY, MEHAFFY and I think the deed under consideration has one clause which is contractual in its nature and which renders the contract of sale and the deed based on it illegal. Our statement of facts shows that, as a part of the consideration, Scott and his associates agreed to maintain a school for a period of five years, and, in case they failed to do so, the property should revert to the district. It also provides that the property is always to remain for school use, but, at the end of five years, the title will be in Scott and his associates. When this clause of the deed is considered in

connection with the written contract of sale, it seems that the purpose of making the sale was to enable Scott and his associates to operate a private school and to receive certain pupils sent to them by the board of directors at a stipulated price. We believe that this was contrary to the spirit, if not the letter, of art. 14, § 2, of our Constitution, which provides that: "No money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs." The substance of the transaction in question was that the board of directors sold the schoolhouse to Scott and his associates for a sum of money, and the further consideration that Scott and his associates should operate a private school for the benefit of the school district, which agreement, we think, renders the whole transaction illegal. In short, we believe that the directors of the public school district, and they alone, had a right to provide for the operation of public schools, and they must do this in a manner provided by statute.

As above stated, however, a majority of the court think that, the right of selling the schoolhouse being expressly conferred by statute upon the board of directors, it had the right to sell, and the purchaser was not concerned with the application of the proceeds of sale and was not in any wise responsible for the action of the directors in that respect.

There is no pretense of any fraud in the sale, and the majority of the court, as above stated, think that the wisdom or expediency of the sale has been left by statute to the directors of the district, and that the purchasers have no concern whatever with what was done with the proceeds of the sale or what consideration prompted the directors to make the sale. They were the judges of whether it was necessary to sell the property, and their action is conclusive, in absence of fraud between the contracting parties. Therefore the decree will be reversed, and the cause will be remanded with directions to dismiss the complaint of the special school district and the directors thereof for want of equity. It is so ordered.