The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding a particular proposal involving public school property. You have enclosed a "statement of situation" and a draft letter which outlines a proposal for the construction of a parking lot on school property and a lease of the parking lot to a church. You have asked whether the utilization of school-owned properties in the manner proposed in the "statement of situation" and the draft agreement is in any way violative of the state or federal constitution or any state or federal law.
A conclusive answer to this question would require a factual determination that is not within the scope of an Attorney General opinion. I cannot act as a factfinder in reviewing the terms of the particular proposal. I will, however, address the applicable legal background for the factual analysis.
Arkansas Code of 1987 Annotated § 6-13-620 (Cum. Supp. 1993) states, in relevant part under subsection (3), that the board of directors of each school district has the power to "[p]urchase buildings or rent schoolhouses and sites therefor and sell, rent, or exchange such sites or schoolhouses." It thus appears that the board of directors has statutory authority to lease school property. This office has previously cited A.C.A. § 6-13-620 for the proposition that school district property may be leased. Ops. Att'y Gen. 90-155 and 86-479.
It should be noted in this regard, however, that a contract or conveyance of school property is void if the conveyance is not made in good faith or is fraudulent. See Scott v. MagazineSpecial School District No. 15, 173 Ark. 1077, 294 S.W. 365
(1927) (sale of school property to private parties to conduct private school was within discretion of the school board absent a showing of fraud in making the contract), and Evans v.McKinley, 234 Ark. 472, 352 S.W.2d 892 (1962) (decision to close school was within discretion of the board absent bad faith). The question of whether a particular lease or conveyance is fraudulent or not made in good faith will, of course, involve a factual determination which must be made with reference to all of the surrounding circumstances.
Reference must, in my opinion, also be made to Article 14 of the Arkansas Constitution when considering the particular terms of the agreement. Section 2 of Article 14 provides:
 No money or property belonging to the public school fund or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs.
This office has previously opined, citing Article 14, Section 2 (above) and Section 3 (prohibiting the appropriation of school taxes for other than school purposes), that a sale of school property for less than adequate consideration might be challenged as an unlawful diversion of school property or funds. See Op. Att'y Gen. 93-057. This conclusion would, I believe, similarly apply with regard to a lease of school property. Whether the lease is supported by adequate consideration will, again, involve a fact question.
Finally, it should perhaps be noted that the leasing arrangement may result in the loss of the tax exemption for the property, in accordance with Ark. Const. art. 16, § 5.
While it is apparent that I cannot provide a conclusive answer with regard to the specific proposal in question, the foregoing offers general guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh