The Honorable Sam E. Angel II State Representative P.O. Box 748 Lake Village, Arkansas 71653
Dear Representative Angel:
This is in response to your request for an opinion concerning an effort by the Lake Village Community Center (which I assume is some type of nonprofit group) to secure some old school buildings for use as a youth development center. Specifically, you have posed the following question:
 Would it be possible for the current school board to transfer or to lease the property to the Lake Village Community Center for a youth/citizen development center for a [sic] $1.00 or capital asset for capital development?
I addressed a question similar to the one you pose in Op. Att'y Gen.93-057. The second question posed in that Opinion was whether a school district could convey real property, including buildings, to a city or town for an amount less than an appraised value, for example, one dollar to one hundred dollars per parcel.[1] It was first noted therein that school districts have general authority to "[p]urchase buildings or rent school houses and sites therefor and [to] sell, rent, or exchange such sites or schoolhouses. . . ." A.C.A. § 6-13-620 (Repl. 1993). It was also noted, however, that a contract or conveyance of school property is void if the conveyance is not made in good faith, or is fraudulent. Scott v.Magazine Special School District No. 15, 173 Ark. 1077, 294 S.W. 365
(1927) (sale of school property to private parties to conduct private school was within the discretion of the board absent a showing of fraud in the making of the contract). The proposal you have outlined would not appear to involve fraud, unless a sale without consideration or with only a nominal consideration would be considered per se fraudulent. It was also noted in Opinion 93-057, however, that the sale of school property for less than adequate consideration might run afoul of Arkansas Constitution, art. 14, §§ 2 and 3, which generally prohibit school funds from being used for other than school purposes. It was stated that: "Although such a sale for adequate consideration, would, if the proceeds were applied for school purposes, appear not to be prohibited, a sale for less than adequate consideration might be challenged as a diversion of school property or funds." Op. Att'y Gen. 93-057 at 3. See alsogenerally Ops. Att'y Gen. 91-411 and 85-213 (each opining that donations by school districts to nonprofit entities would be unconstitutional). The Opinion also cited language from 78 C.J.S. Schools and School Districts,
§ 244(a), which states that:
 Any disposition of school property must be for the benefit of the school district and not a gift to other persons. So a disposition of school property must be consistent with good business judgment and sound business principles, and the board may not convey such property without consideration. . . . [Footnotes omitted.]
In my opinion a factual question will be presented as to whether the consideration for the sale you propose is adequate or sufficient to support the contract and to keep it from being considered "fraudulent" or a diversion of school funds. In my opinion, a stated consideration of only one dollar to support the contract would in all likelihood not be legally sufficient. A stated higher money consideration, however, or some form of sufficient non-money consideration might well be constitutional. I cannot reach a definite conclusion without knowing the specifics of the consideration or the nature of the "capital asset" which is proposed to be involved in the transaction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although the questions addressed in Opinion 93-057 involved an impending annexation of one school district to another, and a conveyance to a city or town rather than a nonprofit group, the general principles set out in the Opinion would apply to your question as well.