Fire Engine Company vs. City of New Orleans.

## No. 9897.

CREOLE STEAM FIRE ENGINE COMPANY NO. 9 VS. THE CITY OF NEW ORLEANS.

The suit being upon certificates of appropriation evidencing claims for current municipal expenses during years from 1874 to 1877 exclusive, the judgment should have been restricted to payment out of the revenues of the several years in which the claims arose.

The certificates declared upon carrying on their face an express stipulation they " bear no interest," none can be recovered except from judicial demand.

The right to fund under acts 133 of 1880 and 67 of 1884, cannot be determined judicially except contradictorily with the Board of Liquidation.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

*J. Duvigneaud,* for Plaintiff and Appellee.

*Walter H. Rogers,* City Attorney, and *Branch K. Miller,* Assistant City Attorney, for Defendant and Appellee.

The opinion of the court was delivered by

FENNER, J.   The suit is brought upon sundry " certificates of appropriation," issued in pursuance of an ordinance of the city, passed April 5th, 1881, No. 6968, Administration series.   The certificates represent part of the floating debt of the city, created prior to the year 1879.

The judgment appealed from was in favor of the plaintiff for the amount of the certificates with legal interest on their respective amounts from the date of the several ordinances under which they were issued, and further ordering that, upon the surrender thereof, bonds be issued to plaintiff in exchange, as directed by act No. 67 of 1884.

The city complains of the judgment in two respects only, viz :

1st.  That the judgment against the city should not have been absolute, but should have been restricted to the revenues of the years in which the claim arose.

From the face of the certificates it appears that they represent claims for current municipal expenses during the years from 1874 to 1877 inclusive, and, under our repeated precedents, the judgment must be restricted, as claimed by the city, to payment out of the revenues of those years.   This may not interfere with their funding under the act No. 67 of 1884, which grants the right to fund all judgments, whether "absolute or rendered against the revenues of any particular year or years, previous to the year 1879."

But the right to fund clearly cannot be determined in this controversy, which is one between plaintiff and the city of New Orleans alone. Under the funding acts, No. 133 of 1880, and No. 67 of 1884, it is plain that the right to fund can only be judicially determined con·tradictorily with the Board of Liquidation of the city debt. Therefore the judgment, in so far as it recognizes such right, is inoperative and erroneous.

2d. The other complaint of the judgment is that it allows interest from a date beyond that of judicial demand.

This was error. The certificates carry on their face the stipulation that they shall "bear no interest." The ordinance under ·which they were issued, makes the same express provision. The record does not disclose the reasons of the judge a quo for his judgment; and the only one assigned by plaintiff's counsel is the provision of law that debts bear interest from the time when they are due. Even if debts payable only out of particular revenues when collected fell under this provision in absence of proof the revenues applicable are in the treasury, and demand for payment out of same has been made, the provision can, in no event, apply to this case, where the evidences of obligation declared upon expressly exclude interest.

The judgment must be amended in the respects indicated.

It is, therefore, adjudged and decreed, that the judgment appealed from be amended by restricting the same to the revenues of the several years in which the respective claims arose; by allowing legal interest only from judicial demand, and by striking out that portion thereof which orders the funding, without prejudice to the rights of relator as against the Board of Liquidation of the city debt, and that, as thus amended, it be now affirmed, plaintiff and appellee to pay costs of appeal.