BRAKEFIELD *v.* HALPERN.

Decided January 24, 1891.

*Usury—Sale.*

> A *bona fide* sale of a chattel is not rendered usurious by an agreement of the purchaser to pay the seller a profit of 20 per cent. upon its cost.

APPEAL from *Monroe* Circuit Court.

*Matthew T. Sanders,* Judge.

Isaac Halpern sold D. N. Brakefield a mule, taking a mortgage as security. Upon default in payment of the purchase price, Halpern brought replevin for possession of the mule. Brakefield interposed the defense of usury. There was a verdict and judgment for plaintiff. The appeal was taken to test the sufficiency of the evidence to support the verdict.

Halpern testified that he was a merchant and was furnishing an organization among the farmers, known as the "Wheelers," under a contract, and that defendant was trading with him under said contract, by which it was agreed that he was to have a profit of 10 per cent. above cost and carriage on all goods sold them for cash, and for all advances made them on time he was to have a profit of 20 per cent. above cost and carriage ; that he sold the defendant the mule in controversy under that contract with 10 per cent. interest; that he bought the mule for defendant on or about the 14th day of April, 1886, for $130, in Memphis, and paid $5 for transportation of the same on the steamboat to Clarendon ; that, a short while before he bought the mule for defendant, he (defendant) came to him at his place of business in Clarendon and asked him to loan him money with which to buy a horse or mule, and he refused to

loan defendant the money, but told him that he would send and get him a mule and charge him the same per cent. over and above the cost and carriage of the mule to this place. that he was charging the other Wheelers, which was 20 per cent., and add that per cent. profit to the actual cost of the mule to appellee, and charge it to defendant as a profit; that the mule was bought for defendant and charged to him upon plaintiff's books, and a mortgage was taken upon said mule to secure the payment of the purchase money. That the defendant has never paid for the mule, and is still indebted for the same; that the said mule was worth $25 per year for the use thereof; that he charged the defendant the same that he did all of his customers, which was 10 per cent. for goods sold for cash and 20 per cent. for everything sold on time; this per cent. was as a profit on the cost of his goods; that he carried defendant into his office and presented him with the bill, showing the net cost of the mule, and added 20 per cent. to that amount as profit; the reason that he did this was to satisfy defendant that he was not charging him a greater profit, and that he was not making any more off of him than he was entitled to under his contract with the Wheelers.

Defendant testified as follows: On or about the 14th day of April, 1886, he went to plaintiff at his store-house in the town of Clarendon and requested him to loan him some money with which to buy a horse or mule; that he was trading with plaintiff in 1886, on a credit, under a contract or agreement that for all moneys and goods furnished him during that year by plaintiff he should pay 20 per cent. interest per annum; that when he went to plaintiff under this contract to get the money, plaintiff said to him that he would not give him the money, but would send and get him a horse or mule, and would charge him 20 per cent. over and above the cost and carriage of the same as interest for his money, and take his note for the amount, with 10 per cent. interest per annum from date until paid; that plaintiff told him that all he wanted was 20 per cent. interest on his

money; that plaintiff exhibited to him the bill of cost of the mule, which was $135 in Clarendon; that he went with plaintiff into the latter's office, and plaintiff made a calculation of 20 per cent. interest upon this amount, which was $27, and added the same to the original or actual cash cost of the mule, which two amounts added together made $162, the cost of the mule to him after plaintiff had added his demand of 20 per cent. interest for his money invested in the mule; that it was expressly understood and agreed that plaintiff should charge and he should pay 20 per cent. interest upon $135, the cash invested in the mule; that plaintiff bought the mule for him with the intention and for the purpose of making 20 per cent. interest upon his money, and he gave his note therefor, plaintiff intending to receive and he intending to pay 20 per cent. interest upon the money invested in the mule; that the delivery of the mule, the calculation of 20 per cent. interest upon the net cost of the mule and the execution of his note for $162 were one and the same transaction.

This was all the evidence.

*Sanders & Watkins* for appellant.

*House & Cantrell* for appellee.

BATTLE, J. In his motion for a new trial appellant does not complain of the instruction given by the court. The only ground for a new trial set out in his motion is, the verdict was contrary to law and evidence. All other errors, if any, were waived, and the only question presented for our consideration is, was the verdict sustained by the evidence ? The answer is, it was. It is unsatisfactory; but as there was some evidence to sustain it, we cannot disturb it, but, on the contrary, affirm the judgment of the court below.