## A. H. ANDREWS COMPANY *v.* DELIGHT SPECIAL SCHOOL DISTRICT.

### Opinion delivered May 2, 1910.

1.  SCHOOL DISTRICTS—POWER :.—A school district is a *quasi* corporation which can exercise only those powers expressly conferred by statute or which arise therefrom by necessary implication.   (Page 28.)

2.  SAME—POWERS OF SCHOOL DIRECTORS.—School directors may exercise such powers as are expressly conferred upon them, or are necessary for the due and efficient exercise of such express powers, or which may fairly be implied from the statute granting the express powers. (Page 28.)

3.  SAME—POWER OF DIRECTORS TO PURCHASE DESKS.—From Kirby's Digest, § 7614, providing that "the [school] directors shall have charge of the school affairs and of the school educational interests of their district," and other statutes recognizing their powers, it is a fair implication that they are authorized to purchase school desks.   (Page 29.)

4.  SAME—RATIFICATION OF CONTRACT.—A purchase of school desks by two school directors at a special meeting of which the third director had no notice may be ratified at a full meeting of all the directors.   (Page 30.)

5.  SAME—ESTOPPEL.—Where a school district accepted school desks, and, together with its successor, continued to use them, the latter cannot avail itself of an irregularity in the execution of the contract. (Page 30.)

6.  SAME—NOT A MUNICIPALITY.—A school district is not a municipality within section 1 of article 16 of the Constitution of 1874, providing: "Nor shall any county, city, town or municipality issue any interest-bearing evidences of indebtedness."   (Page 30.)

7.  SAME—VALIDITY OF SCHOOL WARRANT.—A school warrant given in payment for school desks is not invalidated by the fact that the price of the desks was made larger by reason of the postponement of the date of its payment.   (Page 31.)

8.  SAME—WARRANTS—INTEREST.—Interest is not recoverable upon school warrants, in the absence of a statutory provision to that effect.   (Page 31.)

9.  SAME—ORGANIZATION OF SPECIAL DISTRICT—LIABILITY.—A special school district organized to take the place of a general school district becomes liable under Kirby's Digest, § 7690, for the debts of the latter lawfully incurred.   (Page 32.)

10. FOREIGN CORPORATION—RIGHT TO SUE.—Acts 1901, c. 216, prohibiting foreign corporations from doing business in this State without complying with its terms, does not prohibit such corporations from suing to enforce a contract made in another State.   (Page 32.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; reversed.

*McMillan & McMillan,* for appellants.

If the contract was made at a board meeting by the three directors, the fact that it was signed by only two does not affect its validity. 83 Ark. 491; 52 Ark. 511. The school district is estopped to deny the validity of the contract. 87 Ark. 389; 40 Ark. 105; 61 Ark. 397; 67 Ark. 236; 81 Ark. 244; 82 Ark. 531; 81 Ark. 143; 83 Ark. 275. Such a contract may be ratified, and thus made binding on the school district. 39 Kan. 347; 35 N. H. 477; 38 Me. 164; 4 Cush. 494; 1 Beach, Pub. Corp. 248, 250; 11 Ark. 189; 21 Ark. 554. The unauthorized act must be ratified or repudiated *in toto.* 54 Ark. 216; 49 Ark. 320; 55 Ark. 112. It matters not that the promise was to pay in a manner not authorized by law. 96 U. S. 341.

*McRae & Tompkins* and *D. L. McRae,* for appellee.

The board of directors can do nothing except that which is expressly authorized. 32 L. R. A. 413; 49 Ark. 98; 87 Ark. 93; 84 Ark. 516; 60 Conn. 230. They cannot ratify a contract which they have no power to make. 58 Ark. 270; 10 Wall. 676; Dill. Mun. Corp., § 548. The contract being void, the contract price is not the measure of recovery. 123 Ind. 1; 114 Ind. 210.

FRAUENTHAL, J.   The appellant is a foreign corporation with its place of business and domicil located in the State of Illinois, and School District No. 47 was on June 24, 1904, one of the duly formed common school districts of Pike County. On that day two of the directors of that district entered into a written contract with appellant, by which they agreed to purchase from it a number of school desks for the school district. It was therein agreed that the purchase price should be $344.77, and payable on September 1, 1905; and, inasmuch as the payment for the desks would not be made until said day in the future, the cost of the desks was arrived at and agreed upon by adding interest to the cash price thereof. The third director was not present at the making of said contract, and had no notice of the meeting at which it was made. The contract, however, provided that it might be countermanded within fifteen days from its date; and in about three weeks thereafter there was a meeting of the board of directors of the school district at which the three directors were present.

At that meeting the three directors agreed to and ratified the contract for the purchase of the desks and authorized the issuance of a warrant therefor upon receipt thereof. At the annual school meeting held previous to the making of this contract the electors of the school district voted a five mill tax for building purposes, but gave no expression relative to the purchase of desks. After the contract was agreed to by the three directors appellant shipped the desks, which were received and accepted, and a warrant of the school district was issued therefor. This warrant was executed by the three directors for $344.77 in common form, and stated that it was due September 1, 1905. The desks were used by School District No. 47 from the time they were received until in 1905 when said school district was organized into a special school district, under the provisions of sections 7668 *et seq.* of Kirby's Digest, known as "Delight Special School District." From that time up to the trial of this case the desks were in the possession of and used by said special school district, and at no time did either of these school districts ask or offer to return the desks. The cause was tried by the court sitting as a jury, who declared the law to be that the contract made by the directors of School District No. 47 for the purchase of the desks was beyond their powers and therefore invalid; and that the warrant executed therefor was void. It entered a judgment in favor of appellee, from which the A. H. Andrews Company has appealed to this court.

The question involved in this case is whether or not the directors of a common school district have the power to purchase school desks for the district without being expressly authorized to do so by the electors at its annual meeting. A school district is a *quasi* corporation created pursuant to legislative enactment, and it can exercise only those powers which are expressly conferred by statute or which arise therefrom by necessary implication. The powers of the school directors are likewise derived only from the statute, and they can exercise no power which is not therein expressly granted or which does not arise as a result from fair implication. The directors can enter into contracts only in the mode prescribed by the statute; and where the directors proceed in a mode prohibited by statute, or enter into a contract which is in excess of their powers, the district will not be bound by their acts. Thus, it is pro-

vided by statute that, before the directors shall purchase a school site or charts, they must be impowered to do so by a vote of the electors of the district. A contract made by the directors for the purchase of such property without a vote of the electors authorizing it would be made in a mode contrary to the statute, and would be in excess of the powers of the directors. *First National Bank of Waldron* v. *Whisenhunt,* 94 Ark. 583.

But school directors are authorized, not only to exercise the powers that are expressly granted by statute, but also such powers as may be fairly implied therefrom and from the duties which are expressly imposed upon them. Such powers will be implied when the exercise thereof is clearly necessary to enable them to carry out and perform the duties legally imposed upon them. School directors are public officers, and the rules respecting their powers are the same as those that are applicable to the powers of public officers generally. "The rule respecting such powers is that, in addition to the powers expressly given by statute to an officer or board of officers, he or it has by implication such additional powers as are necessary for the due and efficient exercise of the powers expressly granted or which may be fairly implied from the statute granting the express powers." Throop on Public Officers, § 542; 25 Am. & Eng. Enc. Law, 56; 28 Cyc. 307.

By the express provisions of section 7614 of Kirby's Digest the directors "have charge of the school affairs and school educational interests," and the care and custody of all its properties. By section 7590, Kirby's Digest, the electors determine the length of time that the school shall be taught during the year. But it becomes then the duty of the directors to make the necessary arrangements to have the school carried on. As a fair implication from this express power to manage the affairs and educational interests of the district and to make the arrangements for carrying on the school, the power arises to provide all those things that are clearly necessary in order to have the school conducted and taught. Thus, stoves, fuel and receptacles for water must necessarily be furnished in order that a school may be carried on; and, although there is no express power given by statute to the directors of common school districts to make purchases of these articles, yet it is fairly implied, from the duty imposed upon the directors to have the

school carried on, that they may exercise such power; and so, too, they may purchase other articles that are clearly necessary in order to have the school taught. By section 7631 of Kirby's Digest it is provided that the clerk of the school board shall keep an account of the expenditures made by the board in having the school taught, and present same at the school meeting. These items of the expenses of the school include what has been expended for "houses, fences, stovewood, maps, charts, blackboards, dictionary, and other necessaries for a school." These items, thus mentioned in the statute, include those which the directors have the power by express grant to purchase and also those they have the power by fair implication to purchase. All these items of expenses are thus recognized by the statute as such as the directors had the legal right to make, whether from the powers expressly or impliedly granted. By section 7627 of Kirby's Digest the directors are impowered to draw orders or warrants "for the payment of wages due teachers or for any lawful purpose." By fair implication from these provisions of the statute we are of opinion that the directors of common school districts have the power to make contracts for the purchase of those articles which are clearly necessary to be provided in order that a school may be carried on and taught; and we are further of the opinion that under the circumstances of this case the desks purchased from appellant were clearly necessary for the conduct of the school in this district. The directors had, therefore, the power to purchase the desks; and we think that at the meeting of the board at which all three directors were present the contract therefor was entered into in conformity with the law, and that thereby the district was bound.

Furthermore, the board of directors of the original district and its successor accepted the desks and have used them continuously since the purchase thereof with full knowledge of the contract so made. They have thereby in effect fully ratified such contract. *Springfield Furniture Co.* v. *School District,* 67 Ark. 236; *School District* v. *Goodwin,* 81 Ark. 143; *Forrest City* v. *Orgill,* 87 Ark. 389.

It is urged that the warrant is void because interest was charged upon the original purchase price and included in the

warrant. This contention is made by virtue of art. 16, § 1, of the Constitution, which provides: "Nor shall any county, city, town or municipality issue any interest-bearing evidences of indebtedness." But in the case of *Schmutz* v. *School District*, 78 Ark. 118, it was held that a school district is not a "municipality" within the meaning of this provision of the Constitution, and is not thereby inhibited from entering into a contract agreeing to pay interest, if given statutory authority to do so. But we do not think that it is necessary in this case to decide as to whether or not a school district has the power to enter into a contract for the payment of interest without express statutory authority. The amount named in the warrant was agreed upon as the price to be paid for the desks. A number of considerations might fairly affect the amount of the price; and delay in the payment thereof could be reasonably taken into consideration in fixing the price. The manner in which the parties arrived at the price, based upon the fact that they took into consideration the postponement of payment, would not affect the validity of the contract or warrant. The district through its directors agreed to give, and the appellant to accept, for the desks the amount named in the warrant; and the warrant was not invalidated because that price of the desks was made larger by reason of the postponement of the date of its payment. *Brakefield* v. *Halpern*, 55 Ark. 265.

It is contended by appellant that it is entitled to interest on the warrant from the time that payment thereof was refused. But there is no statute in this State which provides for the recovery of interest upon school warrants; and the weight of authority is that, in the absence of a statutory provision to that effect, such warrants do not bear interest. *Ashe* v. *Harris Co.*, 55 Tex. 49; *Oreole Fire Engine Co.* v. *New Orleans*, 39 La. Ann. 981; *Scranton* v. *Hyde Park Gas Co.*, 102 Pa. St. 382; *Pekin* v. *Reynolds*, 31 Ill. 529; *Warren County* v. *Klcin*, 51 Miss. 807; 21 Am. & Eng. Enc. Law 25. See also *Nat. Bank of Jacksonville* v. *Duval County*, 3 Am. & Eng. Ann. Cases 457, and note thereto.

Our statute provides that the warrant of any board of school directors must be presented to the treasurer of the proper county, and he shall pay the same out of any funds in his hands

belonging to the district for that purpose (Kirby's Digest, § 7628). It is further provided that, if there are no funds with which to pay such warrant, the treasurer shall make an indorsement thereon that it is not paid for want of funds, and shall number and record each warrant in a book, and thereafter shall pay the warrants in the order of their number. (Kirby's Digest, § 7666). The treasurer is thus only impowered to pay the amount of the face of the warrant, and no authority is given by the statute to him to pay interest thereon. School districts are only *quasi* corporations, and are governmental agencies organized under legislative enactment for the carrying out of certain public purposes. The issuance of warrants on the county treasurer by school districts is done under the provisions of the statute. The statute does not provide, and it cannot be fairly implied therefrom, that the warrants shall bear interest; and, until the Legislature shall by express enactment grant to school districts the power to issue interest-bearing warrants, we think that it is the policy of the law that such warrants shall not bear interest.

We are of opinion that the warrant sued on was a lawful and binding obligation of School District No. 47 for the amount thereof, and by section 7690 of Kirby's Digest it became a legal liability against Delight Special School District, into which it was organized.

In its answer the appellee also alleged that the appellant was a foreign corporation, and had not complied with the laws of this State, and on that account could not maintain this action. Counsel for appellee do not urge this contention in their brief, and we do not think that it is well founded, under the decision rendered in the case of *Simmons-Burks Clothing Co.* v. *Linton*, 90 Ark. 73.

For the error of the court as above indicated the judgment is reversed, and the cause remanded for a new trial.