AMERICAN EXCHANGE TRUST COMPANY *v.* TRUMANN SPECIAL SCHOOL DISTRICT.

Opinion delivered May 4, 1931.

1042

*Wallace Townsend,* for appellant.

*J. Brinkerhoff,* for appellee.

KIRBY, J., (after stating the facts). The law is well settled that school districts are not only authorized to exercise the powers that are expressly granted by statute, but also such powers as may be fairly implied therefrom, and from the duties which are expressly imposed upon them, and such powers are implied when the exercise thereof is clearly necessary to enable them to carry out and perform the duties legally imposed upon them. *Andrews Company* v. *Delight Special School District,* 95 Ark. 26, 128 S. W. 361.

It is also true that all special school districts in the State are authorized and impowered, for the purpose of raising funds for the erection and equipment of necessary school buildings, to borrow money and mortgage the real property of the district for the security thereof as provided by statute. Sections 8977 and 8978, Crawford & Moses' Digest. The later section provides the form for the evidences of indebtedness, either warrants or notes, the effect thereof, and that, if warrants are issued, "they may be drawn payable in the future and need not be registered with the county treasurer until the time for payment, but shall be drawn upon the building fund and paid out of it in the order of their date after the building fund is provided and collected by the successive levy and collection, and said special school district shall be allowed in law or equity no defense merely by reason of the fact that it is a school district." This statute also provides that, should any school district desire to borrow money or issue bonds or other evidences of indebtedness, etc., it shall be done after advertising for bids for sale of the bonds, etc. Under this statute the districts are given power to issue warrants on the treasurer payable in future as evidences of indebtedness for money borrowed and secured by mortgages upon the real property of the

district, but only such warrants as ''shall be drawn upon the building fund and paid out of it in the order of their date, as the building fund is provided and collected by the successive levy and collection, etc.''

There is no doubt but that the board of directors could provide a building fund for the payment of bond issues for money borrowed by the district, but the statute does not require that it shall be done, except when warrants payable in future are issued as evidences of indebtedness for the money borrowed. This court held, in construing a special act authorizing the borrowing of money by a special school district which provided that the evidences of indebtedness issued by the district shall be ''paid out of the building fund in the order of their date after the building fund is provided and collected by successive levies,'' that it pledged in effect ''the building fund'' of the district, the bonds containing such recitals, to the payment thereof; but held also that the bonds were valid obligations of the district, and it was evidently the intention of the Legislature that they should be paid out of the revenues of the district ''and are therefore a charge against such revenues.'' *Schmutz* v. *Special School District of Little Rock*, 78 Ark. 119, 95 S. W. 438. The board of directors could not have limited the liability of the district to the payment of the bonds out of the revenues set aside for ''the building fund,'' if one had been provided, since they were and are a charge against the whole revenues of the district.

No error was committed, however, by the court in refusing a mandamus to compel the special district to set aside revenues into a building fund for the payment of the *unmatured* bonds, maturing, and as they matured. The trustee had no duties to perform, except in foreclosure of the mortgage, if it became necessary, and no error was committed in refusing to allow the trustee expenses including a reasonable attorney's fee. Attorney's fees cannot be allowed as costs in suits, except as provided by statute, the same being regarded as a provi-

sion for a penalty and not to be enforced in the State courts. *Boozer* v. *Anderson,* 42 Ark. 157; *Federal Land Bank of St. Louis* v. *Craig,* 176 Ark. 381, 3 S. W. (2d) 34; p. 345, Hughes on Arkansas Mortgages, § 114. The case is easily distinguished from *Williams* v. *Prioleau,* 123 Ark. 156, 184 S. W. 847, relied upon by appellant.

It follows that the chancellor's decree was correct, and it is in all things affirmed.

SMITH and BUTLER, JJ., dissent.