LINDSAY *v.* WHITE.

4-8441                                    206 S. W. 2d 762

Opinion delivered December 15, 1947.

542

*W. B. Alexander,* for appellant.

*Rose, Dobyns, Meek & House,* for appellee.

HOLT, J. The State Hospital Board and the Board of Trustees of the University of Arkansas, acting together, have adopted a plan for establishing a modern medical center upon land which is a part of the grounds of the State Hospital in Little Rock. In this action appellant, a taxpayer, has challenged the power of the State Hospital Board to make available property to the University Board for a medical center and the power of the University Board to accept the site and construct the medical center, to be composed of a memorial hospital and medical building, thereon.

Appellant alleged in his complaint, (omitting the formal parts): "On October 3, 1947, at a meeting of the State Hospital Board held in the City of Little Rock, a resolution was unanimously adopted whereby it was proposed to make available to the Board of Trustees of the University of Arkansas a site on the grounds of the State Hospital in the City of Little Rock for the construction of a memorial hospital and medical school building. There was also authorized by said resolution the construction of a unit adjacent to said medical school and hospital building for the care of patients of the State Hospital. The expenditure of funds for the employment of architects for the construction of said State Hospital unit was authorized. A copy of said resolution is attached hereto. made a part hereof and marked Exhibit 'A'.

"On October 5, 1947, at a meeting of the Board of Trustees of the University of Arkansas held in the City of Fayetteville, a resolution was unanimously adopted accepting the offer of a site on the grounds of the State Hospital and authorizing the construction of a memorial hospital and medical school building thereon. The said resolution purported to authorize the removal of the medical school from its present location at 11th and McAlmont Streets in the City of Little Rock and to relocate the medical school upon the grounds of the State Hospital in the City of Little Rock. It also authorized the expenditure of funds for the employment of architects for the construction of said medical school building and memorial hospital. A copy of said resolution is attached hereto, and made a part hereof and marked Exhibit 'B'.

"Plaintiff states that the State Hospital Board has no authority to make available to the University of Arkansas a site upon the State Hospital grounds for the erection of a medical school building and memorial hospital. The Board of Trustees of the University of Arkansas has no authority to remove the medical school from its present location or to relocate it upon the grounds of the State Hospital. The said Board of Trustees has no authority to construct a medical school building or a memorial hospital upon the grounds of the State Hospital. The expenditure of funds for the purposes aforesaid is not authorized by law and would constitute an illegal use of public funds.

"Wherefore, plaintiff on behalf of himself and other taxpayers of the State of Arkansas prays that the defendants be permanently enjoined from expending public funds and from taking other action with a view to carrying out the course of action contemplated by the resolutions heretofore adopted by them, and for such other relief as may be equitable.

"Exhibit 'A'. Resolution—Whereas, Acts 357 and 428 of the Legislature of the State of Arkansas for the year 1947 authorized the Board of Trustees of the University of Arkansas to construct a memorial hospital for its School of Medicine; and

544

"Whereas the property upon which the School of Medicine in the City of Little Rock, Pulaski county, is now situated is insufficient in area to permit the construction of the proposed hospital upon said property; and

"Whereas the said Board of Trustees desires to relocate the School of Medicine upon a part of the grounds of the State Hospital in the City of Little Rock and to erect upon said grounds a combined Medical School and memorial hospital; and

"Whereas the State Hospital Board desires to construct a unit adjacent to said hospital building for the purpose of providing treatment for the patients of the State Hospital, such unit, however, to be under the control of the State Hospital Board; and

"Whereas the proposed construction of a medical school and hospital upon the State Hospital grounds, together with a unit adjacent thereto for the treatment of State Hospital patients, will enable the State Hospital to provide the highest quality of medical care for its patients, will enable it to obtain the most modern equipment, and will effect great savings to the State of Arkansas by eliminating the duplication of facilities; and

"Whereas the grounds of the State Hospital are amply large to provide for the proposed building and for future expansion of both the School of Medicine and the State Hospital, without additional expense to the state for the acquisition of building sites;

"Now, Therefore Be It Resolved: 1. That this Board shall make available to the Board of Trustees of the University of Arkansas a sufficient part of the grounds of the State Hospital, the exact area and location to be mutually agreed upon, to provide for the erection of a combined Medical School and memorial hospital, such property to remain under the permanent and exclusive supervision and control of the said Board of Trustees of the University;

"2. That this Board cooperate with the Board of Trustees in the erection of the proposed building by con-

structing a unit adjacent to be used for the care of the patients of the State Hospital, such unit, however, to be under the permanent and exclusive supervision and control of the State Hospital Board. The cost of construction of the proposed unit by the State Hospital Board shall be paid from such funds as may then be available, or which thereafter may become available for said purpose;

"3. That the firm of Burks & Anderson, architects, be employed and be instructed to proceed immediately with the preparation of plans for the construction of the proposed State Hospital unit adjacent to the proposed Medical School and memorial hospital building.

"Exhibit 'B'. Resolution—Whereas Acts 357 and 428 of the Acts of 1947 appropriated the sum of One Million Six Hundred Thousand Dollars ($1,600,000) for the construction of a memorial hospital for the School of Medicine of the University of Arkansas; and

"Whereas the School of Medicine is now located upon a single block owned by the State of Arkansas in the City of Little Rock which area this Board finds would be insufficient for the construction of such memorial hospital and the necessary building for the contemplated medical center; and

"Whereas the State Hospital Board has offered to make available by deed or otherwise to this Board a sufficient part of the grounds of the State Hospital within the City of Little Rock to provide for the erection of a combined medical school and memorial hospital, such property to remain under the permanent and exclusive supervision and control of the Board of Trustees of the University; and

"Whereas this Board finds that it would be to the best interest of the University to relocate the School of Medicine upon the grounds of the State Hospital in the City of Little Rock, Arkansas, and to construct a combined medical school and memorial hospital, with consequent saving in cost and increase in efficiency; and

"Whereas the construction of a wing of said building for the treatment of patients of the State Hospital would enable such patients to receive the highest quality of medical care and to have the benefit of the most modern medical and hospital equipment and at the same time would provide the students at the School of Medicine with an invaluable opportunity to observe the care and treatment of nervous diseases—a field in which there exists an acute shortage of physicians throughout the nation; and

"Whereas the proposed joint construction of a medical school and hospital will provide both the memorial hospital and the State Hospital with the most modern facilities at a great saving to the state by the elimination of duplication.

"Now Therefore Be It Resolved by the Board of Trustees of the University of Arkansas: 1. That this Board accepts the offer of the State Hospital Board to make available to it a site on the grounds of the State Hospital, the exact area and location to be mutually agreed upon, for the erection of a medical school and memorial hospital building, such property to remain under the permanent supervision and control of the Board of Trustees of the University;

"2. That this Board cooperate with the State Hospital Board to the end that a wing of the proposed building be constructed by the State Hospital Board with funds heretofore appropriated for the use of that Board, such wing to provide a place for the treatment of patients of the State Hospital and to be under the permanent and exclusive supervision and control of the State Hospital Board;

"3. That the funds appropriated by the aforesaid Acts 357 and 428 be utilized in the construction of said memorial hospital, together with an anticipated grant of federal funds in the amount of Eight Hundred Thousand Dollars ($800,000);

"4. That on or about the date of completion of the aforesaid medical school and hospital the present medi-

cal school building on McAlmont Street and between 12th and 13th in Little Rock be disposed of as the Board of Trustees may determine;

"5. That in order to raise funds to finance the construction of that part of the proposed building which will be used as a medical school the Board authorize the issuance of '4 per cent bonds which shall be obligations only of the Board of Trustees, issued under the authority of Act 62 of the Acts of 1947, payable from and secured solely by a specific pledge of the revenues to be derived from tuition fees, laboratory fees, library fees, and other fees and rentals to be paid by the students who matriculate in the medical school, which shall be plainly recited on the face of the bonds. In no event shall such bonds be considered a debt for which the faith and credit of the State of Arkansas or any of its revenues are pledged, and no mortgage or lien on the medical school or upon any lands or buildings belonging to the state shall be given as security, which also shall be plainly recited on the face of the bonds, etc.' "

Provision is also made for the employment of architects for the preparation of plans, etc.

Appellees in their answer "admit the adoption of the resolutions as alleged in the complaint but deny that they are without authority to take the action contemplated by said resolutions.

"The State Hospital was created by Act 66 of the Arkansas Acts of 1873. Pursuant to that Act the Board of Trustees of the Arkansas Lunatic Asylum purchased in the year 1875 eighty acres of land in the City of Little Rock. In 1888 an additional eighty acres were acquired, and the State Hospital now owns one hundred sixty acres in the City of Little Rock. The conveyance of said lands was made to the Board of Trustees of the Arkansas State Lunatic Asylum by warranty deed and without restrictions of any kind. The State Hospital is not using and has never used approximately thirty acres of said property, which constitute a part of the grounds of the hospital. These thirty acres will not be needed in the future

548

for State Hospital purposes, as the remaining one hundred thirty acres are adequate to provide for the needs of the State Hospital and as the hospital also has extensive facilities in Saline County for the care of its patients. The State Hospital accordingly has ample land available for the proposed medical school building and memorial hospital and for such future expansion of both the medical school and the State Hospital as may be reasonably expected.

"The State Hospital is designed primarily for the care and treatment of patients suffering from nervous diseases. There is a need for hospital facilities providing treatment for other types of diseases to which the State Hospital patients may be subject, but at present the State Hospital is without adequate facilities of this kind.

"The medical school of the University of Arkansas was originally organized as a privately owned benevolent corporation, called the Arkansas Industrial University Medical Department. This private corporation was affiliated with the Arkansas Industrial University, but it was not state owned nor state operated. The facilities of the school then consisted of a school building at 611 East Markham Street in the City of Little Rock and a clinic at Second and Sherman Streets in the City of Little Rock. In the year 1911, pursuant to Act 360 of that year, the Board of Trustees of the University of Arkansas took over said benevolent corporation and its facilities, and thereafter the medical school was state owned and state operated, being incorporated as a part of the University of Arkansas. In the year 1912 the Board of Trustees of the University of Arkansas removed the basic science department of the medical school to the War Memorial Building at Markham and Center Streets in the City of Little Rock. Thereafter the school building at 611 East Markham Street was sold by the Board of Trustees.

"In 1931 the Board of Trustees purchased the block at 11th and McAlmont Streets in the City of Little Rock, on which the medical school building is now situated. The conveyance was made by warranty deed to the Board of Trustees of the University of Arkansas, without restric-

tions of any kind. Upon the completion of the present medical school building the Board of Trustees sold the property at Second and Sherman Streets and removed the medical school to 11th and McAlmont Streets.

"By Acts 357 and 428 of 1947, the Arkansas Legislature appropriated the sum of $1,600,000 for the construction of a memorial hospital for the medical school. Additional funds in the amount of $800,000 for the construction of said hospital will be available to the Board of Trustees under the provisions of the Hospital Survey and Construction Act of 1946 (42 U. S. C. A. § 291 *et seq.*) The block of ground which is now owned by the Board of Trustees is insufficient to provide for the construction of a memorial hospital such as is contemplated by the said Acts 357 and 428. Said block of ground is also wholly insufficient to permit the future expansion of the medical school, as through the construction of additional buildings to be used for purposes of instruction, for the training of nurses, for dormitories, and for other purposes which are essential to the expansion of the school.

The Board of Trustees has found that it would be to the best interest of the medical school for it to be relocated upon the grounds of the State Hospital and has so relocated the school. In order for the medical school to continue its status as an accredited school according to the standards of the American Association of Medical Colleges it must have access to a modern and well equipped hospital. The proposed construction of a combined medical school building and memorial hospital will better enable the Board of Trustees to continue to maintain the school according to the standards of the American Association of Medical Colleges. The location of the medical school upon the grounds of the State Hospital will be directly beneficial to the patients of that institution and will also provide the students of the school with an invaluable opportunity to observe the care and treatment of nervous diseases.

"Wherefore defendants pray that the plaintiff's complaint be dismissed for want of equity."

Appellant filed demurrer to appellees' answer in which he alleged that it did not state facts sufficient to constitute a defense to the complaint. The trial court overruled the demurrer, appellant refused to plead further, and his complaint was dismissed for want of equity. This appeal followed.

For reversal, appellant says: "It is the contention of the appellant that the respective Boards which are appellees in this case are attempting to assume unto themselves powers which inherently belong to the Legislature and which have not been delegated to them, neither expressly nor impliedly. They have by practically contemporaneous resolutions undertaken to exercise their judgment in matters which appellant thinks are the sole prerogatives of the legislative branch of the government."

Both boards involved here are agencies of the State, which is the beneficial owner of all property held by each as trustees for the people of the State.

Did those boards exceed their powers in the circumstances here?

The trial court held that they did not, denied injunctive relief, and we think was correct in so holding.

We consider first the powers of the Hospital Board to permit the University Board to build a medical center on property belonging to the Hospital Board.

Act 66 of the General Assembly of 1873 created the "Arkansas State Lunatic Asylum" with a board "who shall be a body politic and corporate by the name and style of the 'Trustees of the Arkansas State Lunatic Asylum,' and shall manage and direct the concerns of the institution, and make all necessary by-laws and regulations not inconsistent with the constitution of the State or of this act; and shall have power to receive, hold, dispose of and convey all real and personal property conveyed to them by gift, devise or otherwise for the use of said institution; and they may sue and be sued; and they shall have power and authority to hold and purchase

property for the benefit of such institution, and to purchase or erect suitable buildings for the same.

At repeated intervals, the Legislature has enacted legislation relating to the State Hospital, but in none of these acts was any change made in the broad general powers given the Hospital Board by Act 66. See Acts 126 of 1893, 15 of 1905, 108 of 1915, 49 of 1925, 37 of 1927. See, also, Act 240 of 1933 where the name of the institution was changed to the "State Hospital," and created a new board.

The present board was created by Act 1 of 1943 and given full power of management, control and all duties and authority conferred on its predecessors.

The rule appears to be well established that trustees have not only all powers specifically delegated, but such additional or implied powers that may be necessary to carry out the trust.

In § 186 of the Restatement of Trusts, the rule is stated as follows: "In addition to the powers conferred in specific words by the terms of the trust, the trustee has such powers as are necessary or appropriate to carry out the purposes of the trust and are not forbidden either in specific words or otherwise by the terms of the trust. It is to be inferred that the settlor intended to confer upon the trustees such powers as under the circumstances known to or anticipated by the settlor are necessary or appropriate to carry out the purposes of the trust.

"The trustee can properly exercise such powers as it appears from the language used in the trust instrument were intended to be conferred upon him, although not conferred in specific words. Thus, a general authority to manage or control or dispose of the trust property may, depending on the circumstances, be interpreted to confer a power of sale both of real and personal property."

This rule has been recognized by this court in cases involving powers of school directors and what we said in the case of *East End School District No. 2* v. *Gaiser-Hill*

*Lumber Company,* 184 Ark. 1165, 45 S. W. 2d 504, applies with equal force here. There we said: "It is true that school directors are public officers and derive their powers from the statute. 'The law is well settled that school districts are not only authorized to exercise the powers that are expressly granted by statute, but also such powers as may be fairly implied therefrom, and from the duties which are expressly imposed upon them, and such powers are implied when the exercise thereof is clearly necessary to enable them to carry out and perform the duties legally imposed upon them.' *American Exchange Trust Co.* v. *Trumann Special School Dist.,* 183 Ark. 1041,, 40 S. W. 2d 770; *A. H. Andrews Co.* v. *Delight Special School Dist.,* 95 Ark. 26, 128 S. W. 361;" and again in *Lewis* v. *Keating,* 191 Ark. 422, 86 S. W. 2d 417, this court said:

"If a settlor has directed the trustee to reach a certain end, he must be deemed to have intended that the trustee use the ordinary and natural means for obtaining that result. The court reads such a desire into the trust instrument, not because the court is adding something to the trustee's authority for the sake of bringing about a result which it thinks would be just, but for the reason that chancery believes that the settlor actually wished the trustee to have such power, although he did not in so many words grant the authority. . . . Where a trustee conforms with the provisions of the trust in their true spirit and meaning, he has authority 'to adopt measures and to do acts which, though not specified in the instrument, are implied in its general directions and are reasonable and proper means for making them effectual.' "

In view of these authorities, we think it clear, in the circumstances here, that the Hospital Board had the power, as indicated, to make the property available to the University Board for the purpose intended which will obviously be of great benefit to the State Hospital.

The University Board, through legislative enactments, also had the power to accept the site offered by

the Hospital Board and to erect the memorial hospital and medical school building thereon.

The "Arkansas Industrial University" was created by Act 44 of 1871. Section 19 of that act provided for a Board of Trustees to be formed in a body corporate and politic, under the general laws of the State and to exercise all powers and privileges allowed by law to any like corporation. Act 95 of 1887 made the Board of Trustees a body politic and corporate, with all the powers of a corporate body, and that it should possess all the power and authority of its predecessor Board.

Act 155 of 1899 changed the name of the University to the "University of Arkansas" and Act 302 of 1941 increased the Board membership to ten.

It will be observed that specific authority was given to the University Board to construct the memorial hospital "at its School of Medicine in Little Rock" by Acts 357 and 428 of 1947, *supra,* appropriating $1,600,000 for the purpose, and with federal aid in the additional amount of $800,000 anticipated. The power to construct may carry with it the power to acquire a site upon which to build. "It is an incidental power because indispensable to attain the end." See *State Ex Rel. Post* v. *Board of Education of Clarksburg School Dist. et al.,* 71 W. Va. 52, 76 S. E. 127, and Ann. Cas. 1914B, p. 1238.

Both Boards have a broad discretion in the discharge of their respective trusts, and unless it is made to appear that this discretion has been abused their actions cannot be restrained. We find no abuse of discretion here. In fact, appellant makes no such claim.

The answer alleges; and the demurrer admits, that the block of ground now owned by the Board of Trustees on which the present medical school is located is insufficient to provide for a memorial hospital such as is contemplated by Acts 357 and 428, and insufficient to permit the further expansion of the medical school. In order to continue its status as an accredited school according to the standards of the American Association of Medical Colleges, it must have access to a modern and well equipped hospital.

It is further alleged, and the demurrer admits, that the construction of a combined medical school building and memorial hospital will better enable the Board of Trustees to continue and maintain the school according to the standards of the American Association of Medical Colleges, and that the location of the medical school upon the grounds of the State Hospital will directly benefit the patients of that institution and also provide the students with an invaluable opportunity to observe the care and treatment of nervous diseases.

Courts have nothing to do with the appropriate exercise of discretionary powers vested in public trustees, when so used as in the instant case. It must be presumed that the two Boards, in reaching an agreement to utilize State-owned lands now controlled by the State Hospital group, found that through resulting economies and preferential location, each institution and the public at large would be benefited.

We think it clear that the lawmakers intended that the University Board should acquire a site for the memorial hospital within the City of Little Rock not unreasonably distant from the medical school. As indicated, it could acquire this site without needless expenditure of money.

We hold that the University Board had the power to build a medical school building in connection with the memorial hospital. Such authority is found in Act 62 of 1947, which authorized the University Board to construct buildings or structures of the character known as self liquidating projects "which the Board deems proper or suitable for the school." The act also provides that it should be liberally construed to effectuate its purpose. Such authority of the Board under the act was upheld by this court in *Jacobs* v. *Sharp et al.*, 211 Ark. 865, 202 S. W. 2d 964.

Finding no error, the decree is affirmed.

McFADDIN, J. concurs.