CHARLES BURNETT *v*. MILLARD NIX ET AL

5-4450                                                   424 S. W. 2d 537

Opinion delivered March 4, 1968

*Cockrill, Laser, McGehee, Sharp & Boswell* and *Fred E. Briner,* for appellees.

GEORGE ROSE SMITH, Justice. This is a taxpayer's suit brought by the appellant to enjoin six Saline county school districts from continuing to employ the seventh appellee, Millard Nix, as the districts' tax representative. The appellant contends that there is no statutory authority for the districts to engage a person to perform the duties assigned to Nix, which are said to be partly a duplication of duties imposed by law upon

the county assessor. The chancellor upheld the contract of employment.

We agree with the chancellor. School boards have broad statutory authority to employ such employees as may be necessary for the proper conduct of the schools and to do "all things necessary and lawful for the conduct of an efficient free public school or schools." Ark Stat. Ann. § 80-509 (d) and (m) (Repl. 1960). Where such a wide discretion is vested in the school directors we have held that one who seeks relief in the chancery court has the burden of proving by clear and convincing evidence that there has been a manifest abuse of the board's discretion. *Safferstone* v. *Tucker,* 235 Ark. 70, 357 S. W. 2d 3 (1962). We are unable to say that the appellant has sustained his heavy burden of proof.

According to the record, within the past five or six years these districts were confronted with serious financial problems. Statutory changes mandatorily allocated a certain portion of the districts' revenues to the payment of teachers' salaries. Moreover, by 1965 the ratio of assessed property values within the county had fallen to 15 percent of market values, so that the county found it necessary to employ professional assistance in the reappraisal of the taxable property within the county. See Ark. Stat. Ann. §§ 84-468 *et seq.* (Repl. 1960).

In that critical situation the school directors concluded that additional revenues had to be found if the schools were to remain open. The six appellee districts joined together in the employment of Nix, contributing proportionately to the payment of his salary and expenses.

Nix's duties are twofold. First, he prepares for each district the list of taxpayers that must be filed with the county assessor. Ark. Stat. Ann. § 84-405. The appellant concedes that the statute expressly authorizes

the districts to pay the expense of compiling the lists, but he insists that the greater part of Nix's time is devoted to the other phase of his work, which is said to be a duplication of the county assessor's functions.

The proof does not support that contention. The second category of Nix's contractual duties includes the discovery of new construction and other property not listed for taxation, the appraisal of such property, and the submission of that information to the appropriate district. At the trial in May of 1967 Nix testified that since the preceding January 1 he had discovered unassessed properties having a value of about one and a quarter million dollars.

According to the districts' testimony, the information being supplied by Nix cannot be obtained from the county assessor's office until a year later. Yet the early acquisition of the information is important to the districts, because it enables them to plan the operation of the schools with knowledge of the revenues that will be available. Moreover, Nix supplies information not furnished by the assessor, such as the location of new residential subdivisions that must eventually be served by the districts. That kind of data assists the school boards in planning the construction of new school buildings where they will be most needed.

In employing Nix the school directors also intended for his activity to play a part in preventing assessed values from falling below the minimum percentage required by law for the receipt of all available state-aid funds. It cannot be doubted that the maintenance of adequate assessed values will be of direct financial benefit to the districts. We are not convinced by the appellant's insistence that if there is any dissatisfaction with the county assessor's appraisals, the sole remedy is at the ballot box when he seeks re-election. In the first place, the statutes already encourage citizens to discover and report property that has been overlooked by

the county assessor. Ark. Stat. Ann. § 84-444. And, secondly, the directors might understandably have some doubt about the incumbent assessor's defeat at the polls by an opponent running upon a platform of higher assessments and hence higher taxes.

For the reasons stated, we conclude that the appellant failed to show by clear and convincing proof that there was a manifest abuse of discretion on the part of the school directors in their decision to employ Nix to perform the duties assigned to him.

Affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, I respectfully dissent because I believe the majority is in error in ascribing such broad authority to the board of directors of a school district.

School districts derive all of their powers from the General Assembly. They can exercise only such powers as are expressly granted and such incidental powers as are necessary to the proper exercise of powers granted. *Arkansas Nat'l Bank* v. *School District No.* 99, 152 Ark. 507, 238 S. W. 630; *Casey* v. *Smith*, 185 Ark. 149, 46 S. W. 2d 38; *Scott* v. *Magazine Sp. School Dist. No.* 15, 173 Ark. 1077, 294 S. W. 365; *Lynn School Dist. No.* 76 v. *Smithville School Dist. No.* 31, 213 Ark. 268, 211 S. W. 2d 641. Powers are implied only when they are clearly necessary to perform the duties legally imposed. *A. H. Andrews Co.* v. *Delight Sp. School Dist.*, 95 Ark. 26, 128 S. W. 361; *American Exchange Trust Co.* v. *Truman Sp. School Dist.*, 183 Ark. 1041, 40 S. W. 2d 770.

School district directors can only enter into agreements which bind their districts and the inhabitants thereof by reason of express statutory authority. *School Dist. No.* 18 v. *Grubbs Sp. School Dist.*, 184

Ark. 863, 43 S. W. 2d 765; *Brown* v. *Gardner,* 232 Ark. 197, 334 S. W. 2d 889.

A contract entered into by school districts which is beyond the powers conferred upon them by statute is void. *First Nat'l Bank* v. *Whisenhunt,* 94 Ark. 583, 127 S. W. 968; *A. H. Andrews Co.* v. *Delight Sp. School Dist.,* 95 Ark. 26, 128 S. W. 361.

The rule that the courts will not interfere with school boards in the exercise of their discretion unless it is shown by clear and convincing evidence that there has been an abuse of discretion has been applied only where the board has express or necessarily implied powers, more particularly in matters pertaining to the operation, conduct, government or administration of schools. Among cases where statutory authority, express or clearly implied, was found is *Connelly* v. *Earl Frazier Sp. School Dist.,* 167 Ark. 49, 266 S. W. 929.

Cases where operation, conduct, government or administration of schools was involved include: *Pugsley* v. *Sellmeyer,* 158 Ark. 247, 250 S. W. 538, 30 ALR 1212; *State* v. *School Dist. No.* 16, 154 Ark. 176, 242 S. W. 545; *Merritt* v. *Dermott Sp. School Dist.,* 188 Ark. 243, 65 S. W. 2d 33, *Safferstone* v. *Tucker,* 235 Ark. 70, 357 S. W. 2d 3.

The contract with appellant recites that he is employed as "school tax representative pursuant to provisions set forth in attached proposal dated March 17, 1966." The proposal, in pertinent part, recites:

> "Whereas, the Board of Directors of the various school districts of Saline County, Arkansas, desire to employ a qualified representative to assist in maintaining the standard of real and personal property appraisals as required by law, which shall constitute the following:
>
> 1. Each school district shall appoint one member of a standing committee which committee shall

contract with this representative for the performance of duties hereinafter mentioned.

\* \* \*

5. The committee shall use its discretion in hiring a qualified man who has been approved as a competent appraiser by the Assessment Co-Ordination Department of the State of Arkansas. In the event the committee is unable to hire such a qualified individual, they shall hire a person most closely meeting the requirements of said Assessment Co-Ordination Department and who is in the process of being approved.

6. The representative shall work closely with the tax assessor, employees in the tax assessor's office, the Equalization Board and employees of the Equalization Board to see that all real and personal property of the County is placed and maintained on the tax books at its proper valuation and in performing such work shall comply with the mandate, criteria, forms and methods as required by the Assessment Co-Ordination Department.

7. The representative shall, in performing his work, attempt to devote his time among the respective school districts according to the percentage of cost which will be paid by each respective district. The representative shall send a written report to all school boards at their regular meeting each month of his work performed and the results achieved therefrom on appropriate forms as may be required by the committee. Automobile expenses shall be paid by the districts to the representative at the rate of 10c per mile, which expenses shall be considered as a cost of this undertaking, travel forms to be provided by the committee. The representative shall devote full time to the duties hereinabove set forth and shall be respon-

sible to the above named committee and no other taxing unit. The contract shall require performance of the duties hereinabove set forth and may be terminated by two-thirds vote of the committee upon default of same or for just cause.

\* \* \*

8. The representative shall keep a file of work performed and results achieved as a further check for achieving equalization of real and personal taxes."

While there is testimony that part of the duties of Nix relates to preparing a list of taxpayers, required by Ark. Stat. Ann. § 84-405 (Repl. 1960) there is no mention of this function in the contract. All of the testimony indicates that his principal duties are those enumerated in the proposal.

The duties covered by the contract with Nix and for which he is being paid are certainly nowhere expressly authorized by statute. Nor do I find any powers granted to the district for the proper performance of which this kind of work could be said to be necessary. The very duties called for by this contract are required of the county tax assessor. For the performance of these duties, the county assessor and his deputies and assistants are paid from a fund to which each of these school districts contributes from its tax collections on a pro rata basis. Ark. Stat. Ann. §§ 12-806 and 12-807 (Repl. 1956). These districts are paying twice for the same work. If expert appraisers are needed, they may be employed for any or all of these school districts under Ark. Stat. Ann. § 84-468 (Repl. 1960).

Certainly it cannot be said that the work contracted for has anything to do with the operation, conduct, government and administration of the schools.

There simply is no power given the school boards which calls for the exercise of any discretion in this

case. If the school boards want to employ Nix to compile a list of taxpayers required by § 84-405, they have a legal right to do so. If the General Assembly had intended that there be a duplication of the tax assessor's functions, they would have said so.

I would reverse and remand for the entry of a decree declaring the contract null and void and enjoining the school districts from paying out any school funds on the contract.