The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857-0374
Dear Senator Ross:
This is in response to your request for an opinion on changing the boundaries of school zones. You state that the Emmet School District would like to change the boundaries of school Zones 4 and 5 in order to appoint a former school board member from Zone 4 to the local board.[1]
You state that the former Zone 4 board member moved to Zone 5 and did not run in the September, 1998 school election. No other person ran for the Zone 4 position, resulting in a vacancy in that zone. You state further that the change would decrease Zone 5 by four persons and increase Zone 4 by four persons with no change in the racial make-up of either zone.[2]
You have asked under this set of facts what the Emmet School Board ("Board") must do to legally change the boundaries of existing school zones. You have asked whether the Board must officially vote to change the boundaries and whether the Nevada County Board of Education must approve the change.
My research has yielded no express statutory authority for changing the school zone boundaries under this factual scenario. Nor, in my opinion, can this power reasonably be implied form the powers expressly granted to either the local school board or the county board of education. I must therefore conclude that legislative action would be necessary in order for the Emmet School Board to legally rezone the district in this instance.
The purpose of A.C.A. § 6-13-631 is clear — the election of school board members in such a way as to comply with the federal Voting Rights Act, in those districts having a 10% or greater minority population as reported by the most recent federal decennial census. Id. at subsections (a) and (b). See subsection (b)(1)(B) (requiring division of district into zones "in accordance with the federal Voting Rights Act of 1965, as amended.") The Emmet School District was, accordingly, divided into zones, with the approval of the county board of education (id. at subsection (b)(1)(B)), based on the 1990 federal decennial census. Id. at subsection (b)(2). Rezoning is contemplated under subsection (f) of § 6-13-631, which provides:
 (1) After each federal decennial census and at least ninety (90) days before the annual school election, the local board of directors, with the approval of the controlling county board of education, shall divide each school district having a ten percent (10%) or greater minority population into single-member zones. The zones shall be based on the most recent federal decennial census information and substantially equal in population.
 (2) At the annual school election following the rezoning, a new school board shall be elected in accordance with procedures set forth in this section.
There appears to be no question in this instance that the proposed rezoning would not be compelled or required by § 6-13-631. Nor have I located any separate statutory authority for changing the boundaries of school zones established under § 6-13-631. If the authority exists, therefore, it must be by implication. School boards do have implied powers as well as express powers and are authorized to exercise those powers that may be fairly implied from the powers expressly granted and the duties expressly imposed. "Such powers will be implied when the exercise thereof is clearly necessary to enable them to carry out and perform the duties legally imposed upon them." Fortman v. Texarkana SchoolDistrict No. 7, 257 Ark. 130, 132, 514 S.W.2d 720 (1974), quoting A.H.Andrew's Co. v. Delight Special School Dist., 95 Ark. 26, 128 S.W. 361
(1910).
In this instance, however, there is no express power or duty from which the power to rezone can be fairly implied. The remaining directors have the power and duty to fill the vacancy. See A.C.A. § 6-13-611 (Repl. 1993). Section 6-13-631 simply does not contemplate changing the boundaries of the school zones under this scenario.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Arkansas Code Annotated § 6-13-631(d)(1)(A) requires residency in the zone. It is my understanding that this is the applicable Code provision. Section 6-13-631 was enacted in 1993 (see Act 786 of 1993), and requires that beginning with the 1994 annual school election, school districts having a 10% or greater minority population shall be divided into 5 or 7 single-member zones in accordance with the federal Voting Rights Act of 1965. See A.C.A. § 6-13-631(b)(1)(B) (Supp. 1997).
[2] I assume from this that the Voting Rights Act (42 U.S.C. § 1971 etseq.) would not be an impediment to the boundary change. I lack information to determine whether the principle of "one-man, one-vote" would be implicated under these facts.