MEMPHIS TRUST COMPANY *v.* BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT.

Opinion delivered April 27, 1901.

CONSTITUTIONAL LAW—MUNICIPALITY.—Neither the St. Francis levee district, nor the board of directors thereof, is a "municipality," within the meaning of Const. 1874, art. 16, § 1, prohibiting any county, city, town or municipality from issuing any interest-bearing evidences of indebtedness, except to pay an existing debt.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

### STATEMENT BY THE COURT.

The legislature of Arkansas in 1897 passed an act authorizing the Board of Directors of the St. Francis Levee District to issue bonds for the purpose of building and maintaining certain levees in said district. Afterwards the board of directors made a contract with the Memphis Trust Company, a corporation organized under the laws of Tennessee, whereby the Trust Company agreed to purchase of the board bonds to the amount of $10,000, and pay therefor par value with accrued interest. The contract to purchase was made on condition that the bonds were "valid obligations of the board of directors of the St. Francis Levee District." The Trust Company on investigation declined to take the bonds, on the ground that they were not valid. The board of directors ten-

dered the bonds, and brought this action on the contract to recover their face value with interest. The Trust Company filed its answer, alleging in substance that the Board of Directors of the St. Francis Levee District is a municipality, and as such prohibited by the constitution of the state from issuing bonds or other interest-bearing evidences of indebtedness, and that for this reason the bonds offered by it were invalid, and not binding upon the board or district. The board filed a demurrer to this answer. On the hearing the circuit court sustained the demurrer, and, the Trust Company declining to amend, but standing on its answer, the court gave judgment against it for $10,935, that sum being the face value of the bonds with accrued interest. The Trust Company appealed.

*John H. Watkins*, for appellant.

The board of directors in this case was a "municipality," within the meaning of art. 16, § 1, of the constitution of Arkansas, and the bonds are invalid. And. Law Dict. "Municipality." *Cf.* 55 Ark. 148.

*R. J. Williams* and *Norton & Prewett*, for appellees.

The board of directors in this case was not a municipality, because it exercises none of the usual functions thereof. It is merely the agent of the property owners, exercising powers delegated to it by the legislature; and hence the bond isssue is valid. 55 Ark. 148; S. C. 17 S. W. 702; 48 S. W. 629, 635.

RIDDICK, J., (after stating the facts). The only question presented by this appeal is whether the "St. Francis Levee District," or "the Board of Directors" thereof, is a "municipality," within the meaning of the provision of our constitution which prohibits a municipality from issuing interest-bearing bonds. The provision referred to declares that "neither the state nor any city, county, town or other municipality in this state shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness," except to provide for the payment of existing indebtedness. Const. Ark. art. 16, § 1.

Counsel for appellant contends that the board of directors of the St. Francis Levee District is a municipality, and therefore, under the language of the constitution quoted, has no power to issue interest-bearing bonds. But the well-established legal mean-

ing of the term "municipality" is a public corporation created for governmental purposes, and having local powers of legislation and self-government,—such, for instance, as an incorporated town or city. Rapalje & Lawrence's Law Dict.; Anderson's Law Dict.; Century Dict.; *Heller* v. *Stremmel,* 52 Mo. 309.

Now, while every municipality is a public corporation, yet every public corporation is not a municipality, for, as defined above, a municipality is not only a public corporation; it is such a corporation created for governmental purposes, and having, to a large extent, local powers of legislation and self-government. An incorporated levee district, created for the sole purpose of constructing and maintaining a levee, is, like a municipality, a public corporation; but in respect to powers of self-government and legislation it falls far short, and in that regard is clearly distinguished from a municipality, such as an incorporated town or city. These are, to a certain extent, miniature governments, having legislative, executive and judicial powers; but a levee district has few if any such powers, and is not intended to have them, being only an agency created for a special and particular purpose.

The courts have often recognized the distinction between municipal corporations and these inferior corporations, such as levee districts, school districts, and the like. The distinction was pointed out by the supreme court of Missouri in *State* v. *Leffingwell,* 54 Mo. 458, where the court said that the term "municipal corporation" included only cities, towns and other like organizations with political and legislative powers for the local government and police regulation of the inhabitants thereof. In *Morrison* v. *Morey,* 146 Mo. 543-7, the same court held that the bonds of a levee district, payable out of assessments on lands of the district benefited by the levee, were not debts of a municipality, and did not come within the meaning of a provision of the state constitution limiting municipal indebtedness.

This court, in the case of *Fitzgerald* v. *Walker,* 55 Ark. 148, had before it for consideration the question whether an improvement district in a city was a municipality, or the agent of one, and held that it was neither. Speaking in that case of the same section of the constitution we have now under consideration, the court said that the term "municipality," as used in the constitution, meant a city or municipal corporation, and that, although the improvement district might be organized for a limited municipal purpose, yet it was not a municipal corporation. "It exercises,"

said the court, "no legislative powers, and lacks many other essential characteristics of a corporation created for the government of a city or town." The same thing might be said of this levee district, the limited and inferior powers of which were recognized by this court in a recent case when the court spoke of it as a *quasi* corporation, and likened it to a school district. See *Carson* v. *St. Francis Levee District,* 59 Ark. 513. Also Dillon's Municipal Corp. (4th Ed.), § 22; Tied. Municipal Corp. § 3.

Our conclusion is that neither the "St. Francis Levee District," nor the "Board of Directors" thereof, is a "municipality," within the meaning of the section of our constitution heretofore quoted. As before stated, the only defense set up to this action was that the board of directors of this district was in law a municipality, and therefore forbidden to issue interest-bearing bonds. But we are of the opinion that the defense is not tenable, and that the legislature had the power to authorize the issuance of the bonds. The answer was therefore insufficient, and the demurrer properly sustained.

Judgment affirmed.