SCHMUTZ *v.* SPECIAL SCHOOL DISTRICT OF LITTLE ROCK.

Opinion delivered March 3, 1906.

1. SCHOOL DISTRICT—POWER TO ISSUE BONDS.—Under Acts 1905, c. 55, authorizing the Special School District of Little Rock to borrow money to erect a high school building, to issue evidences of debt therefor, and to mortgage the real property of the district as security for the loan, the district is authorized to issue negotiable bonds with interest coupons attached. (Page 121.)

2. CONSTITUTIONAL LAW—MUNICIPALITY.—Const. 1874, art. 16, § 1, declaring that no county, city, town or municipality shall "issue any interest-bearing evidences of indebtedness," does not apply to school districts. (Page 121.)

3. SCHOOL DISTRICT—POWER TO MORTGAGE LAND.—Acts 1905, c, 55, which authorizes the Special School District of Little Rock to borrow money and mortgage the real property of the district therefor, authorizes the district to mortgage all or part of the real property of the district as the school board may deem advisable. (Page 122.)

4. SAME—POWER TO PLEDGE REVENUES.—Acts 1905, c. 55, which authorizes the evidences of indebtedness to be issued by the school district to be "drawn upon the building fund and paid out of it in the order of their date, as the building fund is provided and collected by successive levies" empowers the district to pledge its building fund to pay such indebtedness. (Page 122.)

5. SAME—EFFECT OF UNAUTHORIZED ACT OF BOARD.—If the Special School District of Little Rock was not authorized in the bonds issued under Acts 1905, c. 55, to pledge the revenues of the district to pay such bonds, this would not justify the courts in enjoining the issuance of the bonds; for, if the directors exceeded their powers in that respect, this provision of the bond would not bind the district. (Page 122.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

In 1905 the Legislature of this State passed an act to authorize the Special School District of Little Rock to borrow money to erect, complete and equip a new high school building. Afterwards the board of directors of the district passed a resolution and undertook to issue 160 bonds of the district, of the denomination of $500 each, bearing interest at 6 per cent. each as set forth in the bonds. These bonds were to be secured by a mortgage upon block 20 of the City of Little Rock owned by the district, that block being the one upon which the high school building was located.

Thereupon F. J. Schmutz, a citizen of Little Rock and taxpayer of the district, brought this action to enjoin the school district from executing the mortgage and issuing the bonds, on the ground that the statute under which the bonds were about to be issued was invalid, and that the district had no authority to issue bonds, and for other reasons. The district filed an answer, denying that the statute under which the bonds were issued was invalid, and denying that the board of directors of the district had not properly authorized the issuance of the bonds.

On the hearing the chancellor entered a judgment in favor of the defendant which recites the following finding of facts by the court:

"It finds that the act in question, which became a law on the 24th day of February, 1905, was duly and lawfully passed; that the defendant has authority to issue the bonds with coupons attached, as set out in the resolution of its board of directors adopted on the 18th day of January, 1906, a copy of which is exhibited with the bill of complaint herein; that the defendant has authority to execute the mortgage provided for in said resolution, and that its execution and the execution of said bonds had been duly and properly authorized by the board of directors of said district; that the notice of the meeting of said board of directors at which said resolution was passed was duly given as required by law, and that the directors of said district had authority to pledge its revenue to secure the payment of said loan."

The complaint was dismissed for want of equity, and the plaintiff appealed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.  The act was never lawfully passed.

2.  No county, city, town or municipality in this State can issue interest-bearing evidences of debt. Const. 1874. The special school district is a component part of, and co-extensive with, the city. If the city as a whole can not issue interest-bearing evidences of debt, neither can the district. See 37 Iowa, 542; 62 Iowa, 102.

3.  Defendant has no authority to issue negotiable bonds with coupons attached. 21 How. 547; 103 U. S. 102; 106 U. S. 185; 156 U. S. 709; Dillon, Mun. Corp. § 507, *et seq.*

4.  Defendant has no power to mortgage its property. 2 Dill. Mun. Corp. § 579. Property needed for public uses can not be mortgaged without express legislative sanction. 24 Cal. 585.

5.  Proceedings of a school board are void unless all the members have notice of the meeting.

6.  The directors had no authority to pledge the revenue of the district to secure the loan.

*Mehaffy & Armistead,* and *Bradshaw, Rhoton & Helm,* for appellee; *Taylor & Jones* and *Bridges & Wooldridge,* of counsel.

1.  The presumption is in favor of the validity of the act.

2.  A school district is not a municipality within the meaning of the Constitution. Being a completely organized body within itself, it has power to issue interest-bearing evidences of debt. Kirby's Digest, § § 7668-70; 70 Ark. 451; 55 Ark. 148; 69 Ark. 284. See also 102 Iowa, 5; 19 Atl. 1038; 52 Mo. 309; 54 Mo. 458; 11 Kan. 23; 25 Am. & Eng. Enc. Law, 31. School districts are by statute *quasi* public corporations. 38 Ark. 452. See also 1 Dillon, § § 23, 24; 42 Ark. 54.

3.  The express power to borrow money is held to include the power to issue negotiable bonds. 1 Dillon, Mun. Corp. § § 125, 127. The act of 1905 grants specific authority to issue notes and execute mortgage to secure the same. The acts of the Legislature will not be declared unconstitutional, unless clearly so. 32

Ark. 131. It is probable that under the general law the board would have this right. 1 Reed, Corp. Fin. § 257; Kirby's Digest, § 7684.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the chancery court of Pulaski County refusing to enjoin the Special School District of Little Rock from issuing certain bonds of the district. The question involves the validity of the act of the Legislature authorizing the district to borrow money for the purpose of erecting a·high school building, and the further question whether the act, if valid, authorized the issuance of the bonds.

Now, the act expressly authorizes the district to borrow money for the purposes named in the act, to issue evidences of debt therefor, and to mortgage the real property of the district as security for the loan. Acts 1905, c. 55, p. 154. The express power to borrow ·money and to issue evidences of indebtedness therefor, we think, includes the power to issue negotiable bonds of the district with interest coupons attached. 1 Dillon, Municipal Corporations, § 127, and cases cited.

The power to issue these bonds having been granted by this act, if the act was valid, the district, in attempting to issue the bonds for the purpose of completing the high-school building, was acting under the authority of law, and should not be enjoined.

So far as we can see, the act was regularly passed, and the only objection urged against its validity is that it would be in violation of a provision in the State Constitution which declares that no "county, city, town or municipality" shall issue any interest-bearing evidences of indebtedness. Const. 1874, art. 16, § 1. But this court has recently held that a levee district, though it may possess corporate powers, is not a municipality within the meaning of this provision of the Constitution. *Memphis Trust Co.* v. *St. Francis Levee District,* 69 Ark. 284. We think that it is equally clear that the Special School District of Little Rock is not a municipality within the meaning of that provision. The school district is, it is true, a public corporation, but the mere fact that it is a public corporation does not make it a municipal corporation or, in other words, a municipality. In speaking of this question, Judge Dillon says: "All corporations intended as agencies in the administration of civil government are public, as distinguished

from private, corporations. Thus an incorporated school district or county, as well as a city, is a public corporation; but the school district or county, properly speaking, is not, while the city is, a municipal corporation." 1 Dillon's Municipal Corporations, § 22. A municipality, properly speaking, is a corporation that has the right to administer local government, as a city or incorporated town. But a school district is only an agency of the State with limited corporate powers belonging to a class of corporate bodies known as *quasi* corporations. These are not muncipalities, within the meaning of the constitutional provision referred to. It follows, therefore, that the act in question is not in conflict with the Constitution, and is a valid law.

It is said that the act does not authorize the district to mortgage a part only of the real property of the district. The language of the act is that the district is authorized "to borrow money and mortgage the real property of the district therefor" This, to our mind, obviously empowers the district to mortgage all or part of the real property of the district as the school board may deem advisable.

Again, it is contended that one of the directors was not notified of the meeting. But the clerk of the board who kept the records of the board testified on this point that all directors of the board were present except Mehaffy, and that he had been "notified by mail three days previous." This, we think, was sufficient to support the finding of the chancellor that all the directors were notified.

Lastly, it is contended that the recitals in the bond pledge the revenues of the district for their payment. The act under which the bonds were issued provides that the evidences of indebtedness issued by the district shall be "paid out of the building fund in the order of their date, as the building fund is provided and collected by successive levies." This, in effect, pledges the building fund of the district, whatever that may be, to the payment of the bonds. Besides, as the bonds are valid obligations, it was evidently the intention of the Legislature that they should be paid out of the revenues of the district, and they are therefore a charge against such revenues as any other valid debt would be. But, if we concede that the directors had no authority to pledge the revenues of the district in that way, this would not justify us

in enjoining the issuance of the bonds, for, if the directors exceeded their powers in that respect, this provision of the bond would not estop the district, or bind the successors in office of the directors who issued the bonds. For, the question of whether the district has power to pledge its revenues was not committed to those directors for ascertainment and decision. Their decision on that matter is no more binding than their opinion on any other question of law affecting these bonds. *Citizens Assoc.* v. *Perry,* 156 U. S. 709.

On the whole case, we are of the opinion that the judgment of the chancery court should be affirmed, and it is so ordered.