The Honorable Henry Morgan Prosecuting Attorney Ninth Judicial District East 201 North 10th Street Arkadelphia, Arkansas 71923
Dear Mr. Morgan:
This is in response to a request for an opinion concerning the distribution of "ad valorem taxes from utilities" in Clark County. Specifically, the Mayor of Gum Springs, an incorporated town, has determined that Gum Springs has never been included in the distribution list for ad valorem taxes from utilities. The question posed is "whether or not they can go back for previous ad valorem distributions in Clark County or whether or not they are limited to the present passage of a franchise tax ordinance."
The relevant statute with regard to the distribution of ad valorem taxes on utilities provides that:
 The respective county treasurers shall prorate the amount [of ad valorem utility taxes] so received among the several county funds, school districts, and municipalities of the county in the same ratio that the taxes received from the millage levy by each bore to the total taxes from the millage levy received by all county funds, school districts, and municipalities, according to the local collector's settlement for the particular assessment year.
A.C.A. § 26-26-1616 (a)(2)(B).
If, therefore, Gum Springs was, during the relevant periods, both a "municipality" (i.e., a city of the first class, a city of the second class, or an incorporated town, see A.C.A. § 14-37-102, and Schmutz v. School District of Little Rock, 78 Ark. 118
(1906)), and it had a local millage to which the equation in the statute could apply, it was entitled to a portion of the ad valorem taxes on utilities distributed under this statute. The passage of a "franchise tax ordinance" has nothing to do with this statute.
The question presented, if Gum Springs in fact was entitled to these funds, is whether the omission of Gum Springs from the distribution list, and the resulting loss of revenues to that town, can now be corrected.
It is my opinion, absent a separate court action to remedy the situation, that the error may be remedied pursuant to the procedure set out in A.C.A. § 26-39-220. This statute involves the "final tax settlement" usually made by the sheriff or county collector. See A.C.A. § 26-39-206. It is my understanding that the allocation of ad valorem taxes on utilities to the respective political subdivisions by the county is included in the final tax settlement. This statute provides that:
 (a)(1) The county court has the duty to reconsider and adjust the settlement of any county officer made with the court, including, but not limited to, the final tax settlement and distribution for any error discovered within three (3) years from the date of the settlement.
 (2) Adjustment of an error shall be made within the year of discovery.
 (b) Upon discovery of any error in the settlement after three (3) years, but within five (5) years from the date of the settlement, the county judge has the duty to petition the chancery court to obtain an order to correct the errors.
The county court is the entity which should therefore be notified of the error, and it has the duty to correct the error as to taxes distributed within the last three years. (See A.C.A. §14-14-1105(b)(1) as to the continuing authority of the county court in this regard.
For any errors which occurred between three and five years ago, the county judge is required to petition the chancery court to obtain an order to correct the error.
It appears that there is no statutory mechanism, without resort to a court of record (i.e., the circuit court), to correct errors which occurred more than five years before the discovery of the error.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh