The Honorable Clark Hall State Representative 302 Elm Street Marvell, Arkansas 72366-8729
Dear Representative Hall:
I am writing in response to your request for an opinion on the following:
 The Helena-West Helena-Phillips County Port Authority was created under the Metropolitan Act of 1961. The Port Authority would like to donate money to (1) the Boys and Girls Club of Phillips County, (2) the Phillips County Chamber of Commerce, and (3) Main Street Helena. Under Arkansas law, may it legally do so?
 Also, is the Port Authority required to be legally audited? If so, must the audit be disclosed publicly?
RESPONSE
With regard to donations to the named entities, I question whether the Metropolitan Port Authority Act of 1961, A.C.A. §§ 14-185-101 — 137 (Repl. 1998) would support this use of funds; but irrespective of a lack of statutory authority, Arkansas Constitution Article 12, Section 5, in my opinion prohibits the Port Authority from donating money to either a boys and girls club or a chamber of commerce, or to "Main Street Helena," under the assumption that each of these bodies is organized as a private, non-profit entity. Accordingly, the answer to your first question is "no," in my opinion. In response to your second question, there is no audit requirement under the Metropolitan Port Authority Act, but the *Page 2 
Legislative Auditor who heads the Division of Legislative Audit has discretion under A.C.A. § 10-4-403 (Supp. 2007) to perform an audit of "any agency, instrumentality, or function" of a county or municipality. This discretion extends, in my opinion, to the Port Authority. An audit report prepared by the Division of Legislative Audit is open to public inspection after presentation to the Legislative Joint Auditing Committee or after being approved for early release by the co-chairs of the Committee. A.C.A. § 10-4-417(c) (Supp. 2007). See also A.C.A. §10-4-422 (Supp. 2007) (further addressing public inspection of such audit reports).
Question 1 — The Helena-West Helena-Phillips County Port Authoritywas created under the Metropolitan Act of 1961. The Port Authority wouldlike to donate money to (1) the Boys and Girls Club of Phillips County,(2) the Phillips County Chamber of Commerce, and (3) Main Street Helena.Under Arkansas law, may it legally do so?
As an initial matter, I must question whether the Port Authority's general purposes under the Metropolitan Port Authority Act of 1961, A.C.A. §§ 14-185-101 — 137 (Repl. 1998), would support donations to these entities. See id. at-108(a)(1) (authorizing port authorities to "establish, acquire, develop, improve, or maintain harbors, ports, river-rail terminals, barge terminals, parks for industrial and commercial operations, and related improvements and facilities. . . .") While I believe the donations would thus be legally suspect under the statutes authorizing the Authority's formation, in my opinion the Arkansas Constitution more clearly bars this use of funds. Specifically, Arkansas Constitution Article 12, Section 5, provides as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
This constitutional provision prohibits the donation of funds by a "county, city, town or other municipal corporation" to a private, non-profit entity, regardless of how exalted the purposes served by the entity might be. See Ark. Op. Att'y Gen. 99-408 (discussing in detail the constitutional restrictions that apply to a local unit of government's donating its public funds).[1] In considering art. 12, § 5's *Page 3 
applicability to the Helena-West Helena-Phillips County Port Authority, it must first be recognized that the Port Authority is not itself a "county, city, town or other municipal corporation." It clearly is not a county, city, or town. Nor is it a distinct "municipal corporation," as that term has been judicially defined. See, e.g., Memphis Trust Co. v.St. Francis Levee Dist., 69 Ark. 284, 286, 62 S.W. 902 (1901) (observing that "while every municipality is a public corporation, yet every public corporation is not a municipality," and citing a Missouri case which drew the distinction to the effect that "the term `municipal corporation included only cities, towns and other like organizations with political and legislative powers for the local government and police regulation of the inhabitants thereof").
The question remains, however, whether the Port Authority might be considered an agency of the cities and county that petitioned for its creation, and as such, subject to the art. 12, § 5 proscription.[2]Cf. Op. Att'y Gen. 2005-205 (opining that a city waterworks commission created under A.C.A. §§ 14-234-301 et seq. may not transfer public funds to a private, nonprofit corporation, no matter how exalted the motive for doing so, unless the transfer is pursuant to the terms of a valid contract); Op. Att'y Gen. Nos. 2001-031 and 92-140 (opining that an advertising and promotion commission's grants of funds to private entities for expenditure as they see fit would violate Ark. Const. art. 12, § 5.)
In my opinion, a court faced with this question would likely look to A.C.A. § 14-185-105 and conclude that the proscription applies. Specifically, subsection 14-185-105(b)(2) provides as follows regarding the petition requesting the formation of a port authority under that subchapter:
The petition shall at least contain the following information:
 A request that the circuit court enter an order designating the total number of the members of the board, designating the number that *Page 4 
shall represent each petitioning municipality or county and establishing an authority under the provisions of this chapter as a public agency of the petitioning municipalities or counties, but with the powers set forth in this chapter, which need not be enumerated in the order.
A.C.A.§ 14-185-105(b)(2)(F) (Repl. 1998) (emphasis added.)
The legislature has thus expressed its intent for the Port Authority to act as an agent for the cities and county that petitioned for its creation. Consistent with this agency relationship, the members of the board of the Authority are appointed by the governing bodies of the petitioning municipalities and county. See id. at-105(d) and-106. The board members "represent each petitioning municipality or county. . . ."Id. at-105(b)(2)(F). The petitioning municipalities and county fill vacancies and they appoint successor members to the board. Id.
at-106(c)(2) and (d). Also consistent with the Port Authority's status as an agency of the petitioning cities and county, the Authority is expressly authorized to receive funds from the municipalities and county to assist it in accomplishing its purposes. See A.C.A. §14-185-115(b)(1) (authorizing petitioning municipalities and counties to "make available to the authorities, by way of donation, loan, or otherwise, any available revenues of the municipalities and counties. . . .")
Accordingly, while the Port Authority plainly exists as a "separate entity" from the petitioning cities and county, see A.C.A. §14-185-105(d),[3] it is equally clear that the Authority exercises this independence on behalf of the petitioning cities and county as its agent. Compare Op. Att'y Gen. 2004-230 (opining that the ethical strictures applicable to municipal officials do not apply to the board of an intermodal facility formed pursuant to the Regional Intermodal Facilities Act, A.C.A. §§ 14-143-101 through-129, because such board performs its governmental functions on behalf of the entire region it represents.) In my opinion, the Authority may be viewed as an arm of the petitioning cities and county as a consequence of this agency status. It may also be viewed as subject to the cities' and county's control to the extent that its board expressly represents each city and the county, as noted above. These appear to be significant factors in determining *Page 5 
the reach of Ark. Const., art. 12, § 5. See Ark. Uniform Linen SupplyCo. v. Inst. Serv. Corp., 287 Ark. 370, 373, 700 S.W.2d 358 (1985) (noting the court's statement, in dictum, in Adams v. Bryant,236 Ark. 859, 370 S.W.2d 432 (1963), that the prohibition of art. 12, § 5 applied to the Clarksville Light and Water Commission, and commenting: "But plainly the . . . Commission was the arm of the municipal government of Clarksville and was subject to its control.")
It is my conclusion, based on the foregoing, that as an agent of the petitioning cities and county, the Port Authority is bound by art. 12, § 5. With regard to the particular donations at issue, this office has previously opined that art. 12, § 5, prohibits a municipal donation to a boys and girls club, and to a chamber of commerce. See Op. Att'y Gen. Nos. 2005-046; 2001-135; 99-408; 93-274. Assuming that "Main Street Helena" is a private, non-profit, organization, I believe art. 12, § 5 would likewise prohibit the Port Authority from donating to that entity. See Op. Att'y Gen. 2005-205 ("Because of its broad proscription against grants or loans `to any corporation, association, institution, or individual,' Article 12, § 5 would appear to bar any and all donations to any entity or person, including a private, nonprofit corporation, regardless of how exalted its purpose.").
Question 2 — Is the Port Authority required to be legally audited? Ifso, must the audit be disclosed publicly?
There is no audit requirement under the Metropolitan Port Authority Act. While cities of the first class must have their financial affairs audited annually, see A.C.A. § 14-58-307 (Repl. 1998), this requirement would not appear to extend to the Port Authority. Nor is the Authority subject to any audit requirement under the County Code. The Legislative Auditor who heads the Division of Legislative Audit has the authority, however, pursuant to A.C.A. § 10-4-403 (Supp. 2007), to perform an audit of "any agency, instrumentality, or function" of a county or municipality. This discretionary authority likely extends to the Port Authority. An audit report prepared by the Division of Legislative Audit is open to public inspection after presentation to the Legislative Joint Auditing Committee or after being approved for early release by the co-chairs of the Committee. A.C.A. § 10-4-417(c) (Supp. 2007). Seealso A.C.A. § 10-4-422 (Supp. 2007) (further addressing public inspection of such audit reports). *Page 6 
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] However, as further noted in my predecessor's opinion, nothing precludes a city, county, or other municipal corporation from contracting with private entities to provide services that advance a public purpose, assuming such contracts are supported by adequate consideration. See also Ark. Op. Att'y Gen. 2003-047 (and opinions cited therein). This of course also assumes that the contract falls within the municipal corporation's statutory authority.
[2] I have no specific information regarding the creation of the Port Authority, other than my immediate predecessor's reference to the fact that it was "created by order from the Phillips County Circuit Court (Number 71-120)." Op. Att'y Gen. 2006-137 (addressing several procedural and ethics-related questions.) I assume, however, that it was established by petition of the Cities of Helena and West-Helena and Phillips County, pursuant to A.C.A. § 14-185-105, which sets out the petition process.
[3] See also A.C.A. § 14-185-117 ("This chapter shall be the sole authority required for the issuance of bonds under it and for the exercise of the powers of authorities established under this chapter. It shall not be necessary for the municipalities and counties represented on the boards of directors of authorities to take any action authorizing or approving the issuance of bonds or the exercise of any other powers by the authorities."). *Page 1