The Honorable Tracy Pennartz State Representative Post Office Box 10441 Fort Smith, Arkansas 72917
Dear Representative Pennartz:
I am writing in response to your request for an opinion on the following questions:
 1. Can a county, city, town or other municipal corporation give or loan surplus furniture to a non-profit corporation?
 2. Can a county, city, town or other municipal corporation give or loan surplus office equipment such as computers or telephones to a non-profit corporation?
 3. Can a county, city, town or other municipal corporation lease, for a minimal sum, surplus furniture, office equipment, as computers or telephones to a non-profit corporation?
You indicate that these questions are asked in light of Article 12, Section 5 of the Arkansas Constitution, which provides:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association, or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual. *Page 2 
RESPONSE
The answer to your first two questions is generally "no," in my opinion. But see A.C.A. § 14-16-106(c) (Supp. 2007) (regarding authority of the county judge to dispose of property that is "of no value to the county.") Your third question cannot be answered with a simple "yes" or "no" because this may depend upon a number of factors, including the identity of the non-profit corporation, the purpose of the lease, and the existence of any non-money consideration supporting the lease. As a general matter, municipal corporations may not lease public personalty to private interests. Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207
(1984).[1] In my opinion, a county, city, town or other municipal corporation generally may lease out its personal property only if doing so would serve some legitimate public purpose, and only if the lease is supported by adequate consideration. Regarding a county's lease of its personalty, it should be noted that a county is expressly authorized by statute to lease its real or personal property to "[a]ny lawfully incorporated nonprofit, nonsectarian educational institution; any lawfully incorporated nonprofit, nonsectarian boys' club or girls' club; or any lawfully incorporated quasi-public, nonprofit, nonsectarian organizations . . .," provided that the county court has been presented with a petition or other evidence establishing that the property "is not, and in the future will not be, needed for use by the county . . ." A.C.A. § 14-16-110 (Repl. 1998). This statute also sets forth the procedure (including notice and a hearing) that must be followed in order to effectuate such a lease.
Question 1 — Can a county, city, town or other municipal corporationgive or loan surplus furniture to a non-profit corporation?
The constitutional provision referenced in your correspondence — Arkansas Constitution Article 12, Section 5 — memorializes, with respect to local government, the general principle that no government can use public resources for private *Page 3 
purposes. E.g., Pogue v. Cooper, supra; Ark. Op. Att'y Gen. 2000-243
(providing a private entity free county gravel, as well as access to county equipment and employees, offends art. 12, § 5). One of my predecessors also observed as follows regarding Ark. Const. art. 12, § 5:
 Because of its broad proscription against grants or loans "to any corporation, association, institution, or individual," Article 12, § 5 would appear to bar any and all donations to any entity or person, including a private, nonprofit corporation, regardless of how exalted its purpose.
Op. Att'y Gen. 2005-205. See also Halbert v. Helena-West HelenaIndustrial Development Corp., 226 Ark. 620, 625, 291 S.W.2d 802 (1956) (striking down a municipality's contribution to a private, nonprofit corporation, regardless of whether the corporation served a "public purpose.")
I have also previously noted the following regarding art. 12, § 5:
 This provision, in relevant part, prohibits only the appropriation of "money" to the listed private entities and individuals, and does not refer to the transfer of public "property" to individuals or employees . . . I t has been stated in a similar context, however, that any distinction between money and property "may not be sound." Cf., e.g., Blytheville v. Parks, 221 Ark. 734, 739, 255 S.W.2d 962
(1953).[3][2] See also, Ops. Att'y Gen. 2004-055 (opining that art. 12, § 5 prevents the deeding of property to a nonprofit corporation) and 2001-083 *Page 4 
(opining that art. 12, § 5 prohibits the loaning of city passenger vans to nonprofit groups).
Op. Att'y Gen. 2007-161.
In my opinion, therefore, a municipal corporation generally may not gratuitously give or loan out its personal property to a private, nonprofit corporation. With regard to cities and towns, it also bears noting that such action is specifically proscribed by A.C.A. § 14-42-108, which provides in relevant part:
 It shall be unlawful for any city official or employee of any municipal corporation in this state to furnish or give to any person, concerns, or corporations any property belonging to the municipal corporation, or service from any public utility owned or operated by the municipal corporation, unless payment is made therefor to the municipal corporation at the usual and regular rates, and in the usual manner. . . .
A.C.A. § 14-42-108(b)(1) (Repl. 1998) (emphasis added).
One of my predecessors observed regarding this statute that it is "in all respects consistent with Ark. Const. art [12], § 5. . . .Any use of public property in derogation of this constitutional provision would invite challenge as an illegal exaction under Ark. Const. art XVI, § 13." Op. Att'y Gen. 2001-083. See also Op. Att'y Gen. 93-070 (noting that cities "are not authorized by statute to make outright donations of property to . . . private entities.")
With regard to the disposal of surplus property by a county, however, some mention should be made of A.C.A. § 14-16-106, which provides in pertinent part:
 (1) If it is determined by the county judge and the county assessor that any personal property owned by a county is junk, scrap, discarded, or otherwise of no value to the county, then the property may be disposed of in any manner deemed appropriate by the county judge. *Page 5 
 (2) However, the county judge shall report monthly to the quorum court any property that has been disposed of under subdivision (c)(1) of this section.
A.C.A. § 14-16-106(c) (Supp. 2007).
This statute would appear to provide authority for the county judge to give or loan out to a non-profit corporation any furniture that the judge and assessor determine is "junk, scrap, discarded, or otherwise of no value to the county[.]" According to my review, the statute has not been addressed by any court decision. It is presumed constitutional unless and until it is successfully challenged. See generally Bunch v.State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001).
Question 2 — Can a county, city, town or other municipal corporationgive or loan surplus office equipment such as computers or telephones toa non-profit corporation?
Generally, "no." See response to Question 1.
Question 3 — Can a county, city, town or other municipal corporationlease, for a minimal sum, surplus furniture, office equipment, ascomputers or telephones to a non-profit corporation?
The leading case of Pogue v. Cooper, supra, established the general principle that a county may not lease its personal property to private interests, given that "personal property is much more likely to be depleted or destroyed than real property, and thus an illegal exaction is much more likely to occur." 284 Ark. at 107. The Supreme Court held that equipment depreciation alone renders any rental of public equipment to a private party an illegal exaction, regardless of whether the rental realizes a profit. Id. at 106. In my opinion, this principle applies equally to a city, town, or other municipal corporation. A county, city, town, or other municipal corporation is prohibited by the illegal exaction clause of the Arkansas Constitution, Ark. Const. art. 16, § 13, from using public property for a private purpose.
It should be acknowledged that a city or town is expressly authorized by A.C.A. § 14-54-302 (Supp. 2007) to "buy, sell, convey,lease, rent, or let any real estate or *Page 6 personal property owned or controlled by the municipal corporation . . ." id. at (a)(1) (emphasis added), subject to the requirement that the lease contract be authorized by resolution and approved by a majority of the city council. Id. at (c). In my opinion, however, this statutory authority is qualified by an implied proviso that the lease agreement must serve some legitimate public purpose. See A.C.A. § 14-42-307(a)(1) (restricting the authority of municipalities to the exercise of "powers relating to municipal affairs.") Accord Op. Att'y Gen. 2001-083. The lease must also be supported by adequate consideration. Id. My predecessor in the latter opinion addressed the circumstances in which a city might lease city-owned passenger vans to churches or nonprofit groups. It was explained that any determination regarding the permissibility of leasing public property depended upon the particular surrounding facts:
 [I]t is impermissible to lease out public realty unless it has ceased to serve its public purpose and only then for consideration that itself must be devoted to a public purpose. I believe a similar restriction applies to the leasing of publicly owned personalty. Moreover, as this office has noted on numerous previous occasions, not only must any municipal contract serve a public purpose, it must further be supported by adequate consideration. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-147, 99-408, 98-025 and 97-250. Determining whether this test has been met in any particular instance will entail conducting a detailed investigation into the facts.
Id. at 3.[3]
Regarding the element of consideration, the Arkansas Supreme Court has held that in certain circumstances "public advantage" can constitute adequate consideration. See City of Blytheville v. Parks, 221 Ark. 734,255 S.W.2d 962 (1953). As indicated by my predecessor, the adequacy of consideration, whether in the form of money or not, will be a fact question for a court to determine. *Page 7 
In sum, therefore, a city or town may lease out its personal property only if doing so would serve some legitimate public purpose, and only if the lease is supported by adequate consideration. A similar analysis generally applies, in my opinion, with respect to a county.Accord Op. Att'y Gen. 96-292 (noting that a county has a general responsibility under A.C.A. § 14-19-107 to "take such measures as shall be necessary to preserve all buildings and property of the county from waste or damage.") With regard to the lease of county property, it should also be noted that a county is expressly authorized by statute to lease its real or personal property to "[a]ny lawfully incorporated nonprofit, nonsectarian educational institution; any lawfully incorporated nonprofit, nonsectarian boys' club or girls' club; or any lawfully incorporated quasi-public, nonprofit, nonsectarian organizations . . ." provided that the county court has been presented with a petition or other evidence establishing that the property "is not, and in the future will not be, needed for use by the county. . . ." A.C.A. § 14-16-110 (Repl. 1998). This statute also sets forth the procedure (including notice and a hearing) that must be followed in order to effectuate such a lease.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] I assume that in referring to "a county, city, town or othermunicipal corporation," you intend to refer to a "municipal corporation" as that term has been judicially defined. In Memphis Trust Co. v. St.Francis Levee Dist., 69 Ark. 284, 286, 62 S.W. 902 (1901), the Arkansas Supreme Court cited a Missouri case to the effect that "the term `municipal corporation' include[s] only cities, towns and other like organizations with political and legislative powers for the local government and police regulation of the inhabitants thereof."
[2] Footnote 3 in the opinion states:
 The Arkansas Supreme Court, in interpreting an analogous, but now superseded portion of Arkansas Constitution Amendment 13, stated that: "In the beginning we are impressed with the fact that the prohibition is against using funds for a different purpose. Here the funds will be spent for the land, and the land will be diverted — not the funds. However, the distinction may not be sound, so we will consider land and funds as the same in this instance."
Op. 2007-161 at 3.
[3] As stated by my immediate predecessor: "[A] `public purpose' has been defined as a purpose that involves the welfare of the community and its inhabitants that directly benefits the public, see Op. Att'y Gen.2004-269 (quoting Op. Att'y Gen. 1991-410). . . ." Op. Att'y Gen.2005-248 at n. 2. For a more in-depth discussion of the so-called "public purpose doctrine," see Ark. Op. Att'y Gen. 2004-311.
 *Page 1